**In re R. V. SEATING, INC., a Florida Corporation, Alleged Debtor.**

**Bankruptcy No. 80–01037–BKC–SMW.**

United States Bankruptcy Court, S. D. Florida.

Feb. 5, 1981.

Philip J. Gouze, Fort Lauderdale, Fla., for petitioner.

Jeffrey Hagen, Coral Gables, Fla., for alleged debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on to be heard upon the filing of an involuntary chapter 7 petition by Tri B Manufacturing, Inc., a foreign corporation, against R. V. Seating, Inc., a Florida corporation. The Court, having heard the testimony of the witnesses and having examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The petitioner, Tri B Manufacturing, Inc., filed this involuntary petition against the alleged debtor, R. V. Seating, Inc., on August 14, 1980. The alleged debtor having answered, this matter was set for trial for disposition of the petition pursuant to Interim Bankruptcy Rule 1009.

The basis of this action against the alleged debtor is founded upon a state court judgment which was entered against the alleged debtor on September 29, 1978 in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. The judgment entered against the alleged debtor is for the sum of $29,395.26 which includes compensatory damages of $17,459.86, punitive damages of $10,000.00, and interest in the sum of $1,935.40.

The petitioner's efforts in collecting this judgment have been only marginally successful. To date, the obligation has been reduced by the amount of $516.63 which was collected by means of a sheriff's sale and a writ of garnishment.

The alleged debtor ceased to actively do business in 1977. At that time, it sold substantially all of its assets to a third party who later refused to pay the balance of the sale price of $29,000.00. The corporation has, however, maintained an active and current status with the Secretary of State for the sole purpose of maintaining lawsuits on its own behalf.

The alleged debtor does not dispute the sum owing to the petitioner. It is his contention that because the corporation is no longer actively doing business, then no petition can be filed against the corporate entity. The Court disagrees with this position.

Bankruptcy Code § 303(h)(1), is as follows:

> (h) If the petition is not timely controverted, the Court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due . . .

The Court knows of no authority to support the position of the alleged debtor. Indeed, if this were the case, it would be all too convenient for a debtor to cease active business operations for a period of 180 days and just maintain lawsuits to recover receivables and yet pay no creditors or prefer certain creditors without being subject to the Bankruptcy Code. Accordingly, the Court finds no merit in the alleged debtor's position.

■ The petitioning creditor is the only creditor of the alleged debtor. It is undisputed that the petitioning creditor has not been paid in full, that the judgment in its favor was entered more than two years prior to the trial of the involuntary petition, and that the other creditors of the alleged debtor were paid in August of 1977. An issue before the Court is whether, under these facts, "the debtor is generally not paying such debtor's debts as such debts became due . . . " § 303(h)(1) of the Bankruptcy Code. The decision in *In re 7H Land & Cattle Co.*, 6 B.R. 29, 2 CBC2d 554, 6 BCD 572 (Bkrtcy.D.Nev.1980), in reliance upon decisions under Canadian bankruptcy law, concluded that a sole creditor would be entitled to prevail in an involuntary case if the creditor can establish either (1) that the debtor has failed to meet repeated demands of the sole creditor and the creditor cannot obtain adequate relief in a non-bankruptcy forum; or (2) there are special circumstances such as fraud, trick, artifice, or scam being perpetrated by the debtor which evidence the creditor's need for the relief available under the Bankruptcy Code. *See also In re Sol Arker*, 6 B.R. 632, 6 BCD 1281 (Bkrtcy.E.D.N.Y.1980), which adopted the rule enunciated in the *7H Land & Cattle Co.* case but which found an additional factor favoring dismissal of an involuntary petition—The petitioning creditor, through the use of proceedings supplementary in aid of a state court judgment, was unable to locate any assets, or elicit any evidence of assets, which could be administered and liquidated for the creditor's benefit.

In the situation before the Court, the petitioning creditor has failed to show any special circumstances or that it would not be able to obtain as much relief as the Bankruptcy Code provides by proceedings supplementary to its judgment in the state courts. (In fact, considering the expenses involved in the administration of a bankruptcy case, the petitioning creditor might well receive more by proceeding in state court to enforce its judgment than by the results achieved by bankruptcy.) And there is evidence that there are assets, in the form of claims or accounts receivable, which apparently could be garnished by the petitioning creditor. Thus, under the authority of *7H Land & Cattle Co.* and *Sol Arker* cases, the involuntary petition should be dismissed.

The legal test set forth in the *7H Land & Cattle Co.* and the *Sol Arker* cases perhaps can be better understood as an application of the abstention doctrine:

> The adoption of the doctrine of abstention by § 305 of the Bankruptcy Code is nothing more than a recognition of the well-recognized fact that there are instances where it appears to be proper for the Court to decline jurisdiction. However, it is clear that abstention is improper unless the interest of the debtor and all creditors would be better served by dismissal or suspension of all proceedings. *In re WPAS, Inc.*, 6 B.R. 44, 6 BCD 1183, 1185 (Bkrtcy.M.D.Fla.1980)

One factor to be considered in determining whether the interests of creditors and the debtor would be better served by dismissal is the economy of bankruptcy administration. *See In re Sun World Broadcasters, Inc.*, 5 B.R. 719, 2 CBC2d 899, 6 BCD 884 (Bkrtcy.M.D.Fla.1980). To allow the recovery of the alleged debtor's claims or accounts receivable to be eaten up by the expenses of bankruptcy administration would serve the interests of neither the petitioning creditor nor the alleged debtor. This factor and the adequacy of the remedies available to the petitioning creditor under Florida law lead the Court to conclude that the interests of the petitioning creditor and the alleged debtor would be better served by the dismissal of this case.

(Of course, in other situations, other factors might be paramount. *See In re Luftek, Inc.*, 6 B.R. 539, 6 BCD 1083 (Bkrtcy.E.D.N.Y.1980).) Accordingly, this Court will exercise its discretion to dismiss this case.

■ The alleged debtor has requested that it be awarded costs, an attorney's fee, damages, and punitive damages pursuant to § 303(i) of the Bankruptcy Code. No evidence of damages was presented, and the Court finds that the petition was not filed in bad faith. In light of the disposition of the case, the Court exercises its discretion under § 303(i) to deny any damages, costs, or attorney's fee and to allow each party to bear its own costs. Furthermore, the Court notes that § 305, unlike § 303, does not authorize the Court to award damages, attorney's fees, or costs, which is an additional reason to deny the alleged debtor's request. *See In re Sun World Broadcasters, Inc.*, 5 B.R. 719, 2 CBC2d 899, 6 BCD 884 (Bkrtcy.M.D.Fla.1980); *In re Luftek, Inc.*, 6 B.R. 539, 6 BCD 1083 (Bkrtcy.E.D.N.Y. 1980).

An order of dismissal will be entered in conformity with the findings of fact and conclusions of law.