**In the Matter of LeSHER INTERNA-
TIONAL, LTD., Debtor.**

**Bankruptcy No. 81 B 12267.**

United States Bankruptcy Court,
S.D. New York.

June 30, 1982.

Scher & Eliasberg, Great Neck, N.Y., for debtor.

Leinwand, Maron, Hendler & Krause, New York City, for petitioning creditor.

Gwertzman, Pfeffer, Toker & Lefkowitz, New York City, for Hanover Ins. Co.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

A motion is before this Court to dismiss the involuntary petition filed against Le-Sher International, Ltd., ("LeSher") by Armtex Garment Factory, Ltd., ("Armtex") for failure to state a claim upon which relief could be granted. More particularly, LeSher asserts that Armtex has not shown that LeSher is generally not paying its debts as they become due. *See* 11 U.S.C. § 303(h). After a hearing on January 13, 1982 and upon review of the papers submitted on the motion, the Court dismisses without prejudice the involuntary petition.

*Background*

LeSher, the alleged debtor is in the business of manufacturing ladies' blouses. During the period from March 27, 1980, through December 3, 1980, Armtex, the petitioner, sold and delivered goods to the alleged debtor in the amount of $726,927.45. Armtex alleges that it presented 29 documents of acceptance to the alleged debtor which were refused. Petitioner brought suit against the alleged debtor in New York State Supreme Court and was awarded a judgment on October 2, 1981, in the amount of $806,418.17. On November 17, 1981, petitioner filed an involuntary petition against the alleged debtor. In the involuntary petition, petitioner stated that the alleged debtor is generally not paying its debts as they become due indicated by alleged debtor's non-payment of the moneys owed to the petitioner. The alleged debtor has brought on the instant motion to dismiss the involuntary petition for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Procedure Rule 712(b).

For the purposes of the instant motion the allegations of the petition are taken as admitted. A motion to dismiss tests the legal sufficiency of the complaint, or, as here, the involuntary petition. The involuntary petition may be dismissed if there is an absence of facts sufficient to make a good claim. *See* 2A *Moore's Federal Practice* ¶ 12.08 (2d ed. 1975).

The issue to be decided is whether the non-payment of one debt can support the allegation that the debtor "is generally not

paying its debts as they become due." 11 U.S.C. § 303(h)(1).

*Generally Not Paying Debts As They Become Due*

Section 303(h) of the Bankruptcy Reform Act of 1978 ("Code") provides, in part, that "the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed only if—(1) the debtor is generally not paying such debtor's debts as such debts become due...."

The precise definition of the term "generally not paying" is not provided in the Code; however, Collier states: "it is clear that a court must find more than a prospective inability by the debtor to pay only a few of his debts, and more than a past failure to pay a few of such liabilities. It is doubtless intended that a court should properly consider both the number and amount in determining whether the inability or failure to pay is in fact 'general.'" 2 *Collier's on Bankruptcy* ¶ 303.11 (15th ed. 1981).

■ Upon the facts as stated in the involuntary petition, the alleged debtor has failed to pay the one debt owed to the petitioner. Therefore, the Court finds that the petitioner has failed to state a claim upon which an order for relief could be granted pursuant to Code section 303(h)(1).

*Single Creditor Petition*

Under Code section 303(b)(2) a single creditor may file an involuntary petition against a debtor provided that there are fewer than twelve creditors of said debtors.

Courts faced with the issue of single creditor petitions have held that the failure to meet the liability of a single creditor, with certain exceptions, does not warrant the granting of an order for relief pursuant to Code section 303(h)(1). *See In re Arker,* 6 B.R. 632 (Bkrtcy.E.D.N.Y.1980); *In re 7H Land & Cattle Co.,* 6 B.R. 29 (Bkrtcy.D.Nev. 1980); *In re R.V. Seating, Inc.,* 8 B.R. 663 (Bkrtcy.S.D.Fla.1981).

The two exceptions to this role, as enunciated in *In re 7H Land,* are: (1) an exceptional case of a debtor with a sole creditor who would otherwise be without an adequate remedy under non-bankruptcy law if denied an order for relief; or (2) the showing of special circumstances amounting to fraud, trick, artifice or scam. 6 B.R. at 32–33.

■ This Court finds that upon the stated facts, neither of the exceptions apply in this matter. The petitioner has a state court judgment and may avail itself of the remedies provided under state law to collect that judgment. Therefore, dismissing the petition will not leave the petitioner without an adequate remedy to collect its money. With respect to the second exception, there are no allegations of fraud, trick, artifice or scam in the petition.

*Conclusion*

For the foregoing reasons, the involuntary petition filed against the alleged debtor is hereby dismissed without prejudice, for failure to state a claim upon which an order for relief could be granted under Code section 303. In light of this dismissal, the Court need not address the abstention provision under Code section 305 raised by the alleged debtor.

It is so ordered.