**In re David DWOSKIN, Alleged Debtor.**

**Bankruptcy No. 82–00041–BKC–JAG.**

United States Bankruptcy Court, S.D. Florida.

Aug. 10, 1982.

James G. Roth, c/o Walters, Costanzo, Miller & Russell, Miami, Fla., for alleged debtor.

Neil J. Berman, Miami, Fla., for petitioner.

David Dwoskin, Miami Beach, Fla., alleged debtor.

Murray Koren, North Miami, Fla., petitioner.

### FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This matter was tried before the court on March 22, 1982 on the petition of Murray Koren as petitioning creditor seeking the involuntary bankruptcy of the debtor, David Dwoskin (C. P. No. 1) and the amendment to answer, etc. filed on behalf of the debtor in which the essential allegations of the involuntary petition were denied (C. P. No. 23).

After considering the testimony adduced at trial, as well as the exhibits admitted into evidence at the trial, the court finds that the petitioning creditor Koren is a creditor by reason of a default judgment entered in his behalf against the debtor in a state court action. The debtor contends that that state court judgment is a nullity and seeks to have this court rule on the validity of it which this court declines to do. It further appears that the debtor is not now in business. He operates two corporations which are held by his wife. It further appears that his wife transacts all of the ordinary family business such as mortgage payments, automobile loans and the like. The debtor has apparently transferred assets formerly held by him to his wife. The debtor has no other business or commercial obligations and is paying for his consumer goods and services on an on-going basis.

As aforesaid, the petitioning creditor has obtained judgment against the debtor in the Florida state courts. There is no showing that the petitioning creditor through the use of proceedings supplementary in aid of a state court judgment would be any less able to locate assets which could be administered and liquidated for the creditor's benefit than he could if this petition were granted and a trustee appointed herein. The added expense of a bankruptcy case administration would be of no benefit to anyone. We therefore agree with the conclusions reached by our learned colleague, Judge Sidney M. Weaver, in *In re R.V. Seating, Inc.,* 8 B.R. 663 (Bkrtcy.Ct.S.D.Fla. 1981) that the relief sought by the petitioning creditor should be denied.[1]

In *In re 7H Land & Cattle Co.,* 6 B.R. 29, 2 C.B.C.2d 554, 6 B.C.D. 572 (Bkrtcy.Ct.D. Nev.1980) the court concluded that in a case in which there is a sole creditor, a petition should be denied unless that creditor would otherwise be without an adequate remedy under non-bankruptcy law.

On the facts herein set forth and the authorities cited, we conclude that the involuntary petition ought to be denied and, therefore, pursuant to B.R. 921(a), a separate Judgment dismissing the involuntary petition and incorporating these Findings and Conclusions is being entered this date.

---

1. In *In re R.V. Seating, Inc.,* Judge Weaver dismissed under 11 U.S.C. § 305(a) which permits the court to dismiss a proceeding or suspend all proceedings in a case if the interests of creditors and the debtor would be better served by such dismissal or suspension. No such application is before us in this case and, therefore, we do not dismiss pursuant to § 305(a) although we would be inclined to do so were that issue presented.