**In re ARLUMSA DEVELOPMENT CORP., Debtor.**

**Bankruptcy No. 83 B 10841.**

United States Bankruptcy Court, S.D. New York.

Nov. 2, 1983.

Baer, Marks & Upham, New York City, for Howard & Sheldon Golub.

Haft & Castro, New York City, for debtor.

## MEMORANDUM and ORDER

JOHN J. GALGAY, Bankruptcy Judge.

The sole holders of the only outstanding debt of a corporation have filed an involuntary petition against that corporation. The alleged debtor argues that the debt is the subject of litigation pending before the district court and requests that the involuntary petition be dismissed. After a hearing and upon review of the papers submitted and the applicable law, this Court dismisses the involuntary petition for the reasons set forth below.

*Background*[1]

Howard and Sheldon Golub ("Golubs") have filed an involuntary Chapter 7 petition pursuant to Bankruptcy Reform Act of 1978 ("Code") section 303 against Arlumsa Development Corporation ("Arlumsa"). The Golubs' claim arises out of a contract for the sale of certain Golub interests known as the Glauber Companies to a number of individuals and entities through Arlumsa. The Golubs assert that Arlumsa has defaulted under the contract, failing to pay the Golubs $3,000.00 per week in consulting fees. It appears that the Golubs' claim is Arlumsa's only outstanding debt. Arlumsa timely controverted the involuntary petition, denying that it owed the Golubs any

payments "by reason of petitioners' total failure to provide agreed upon services to Arlumsa." Answer and Counterclaims of Arlumsa ¶ 2. Arlumsa notes that an action commenced by the Golubs captioned *Sheldon Golub and Howard Golub v. Arlumsa Development Corp., et al.,* inter alia for breach of contract, is currently pending before District Court Judge Henry F. Werker of this district. Arlumsa prays for dismissal of the involuntary petition.

At a hearing, this Court inquired into the appropriateness of a petition brought by an alleged debtor's sole creditor. The Golubs submitted a post-hearing memorandum on this issue and Arlumsa replied.

*Discussion*

**A. Involuntary Petitions Filed by Sole Creditors—In General**

An order for relief may be entered only if the alleged debtor "is generally not paying such debtor's debts as such debts become due." 11 U.S.C. § 303(h)(1). Our circuit court has noted that this language "is woefully lacking in clarity." *In re B.D. International Discount Corp.,* 701 F.2d 1071, 1075 (2d Cir.1983), aff'g, 15 B.R. 755 (Bkrtcy.S.D. N.Y.1982) (J. Lifland). After an extensive examination of the legislative history, Judge Friendly concluded, "The history thus clearly points to insistence by Congress on a generality of default." *In re B.D. International,* 701 F.2d at 1076. In determining the generality of default, the court "should properly consider both the number and amount in determining whether the inability or failure to pay is in fact 'general'." 2 *Collier on Bankruptcy* ¶ 303.11 (15th ed. 1983).

█ A single creditor may file an involuntary petition provided that the alleged debtor has fewer than 12 creditors. 11 U.S.C. § 303(b)(2). However, with certain exceptions, an alleged debtor's failure to satisfy the liability of a single creditor "does not warrant the granting of an order for relief pursuant to Code section

---

1. The facts of this case are more fully described in the Memorandum Decision of Judge Henry F. Werker, *Sheldon Golub and Howard Golub*

*v. Arlumsa Development Corp., et al,* 83 Civ. 2184 (S.D.N.Y. May 11, 1983).

303(h)(1)." *In re Lesher International, Ltd.,* 32 B.R. 1 at 2 (Bkrtcy.S.D.N.Y.1982); *see In re Arker,* 6 B.R. 632 (Bkrtcy.D.Nev. 1980); *In re R.V. Seating Inc.,* 8 B.R. 663 (Bkrtcy.S.D.Fla.1981); *In re 7H Land & Cattle Co.,* 6 B.R. 29 (Bkrtcy.D.Nev.1980); *In re R.V. Seating Inc.,* 8 B.R. 663 (Bkrtcy. S.D.Fla.1981).

### B. *Exceptions*

The Court in *7H Land & Cattle* enunciated the two exceptions to the single creditor—sole liability rule denying the involuntary petition: (1) an exceptional case of a debtor with a sole creditor who would otherwise be without an adequate remedy under non-bankruptcy law if denied an order for relief; or (2) the showing of special circumstances amounting to fraud, artifice or scam. 6 B.R. at 32–33.

█ The Golubs' petition does not fall under either exception. Assuming, *arguendo,* that the Golubs are not being paid and that their claim represents 100 percent of Arlumsa's debt, the Golubs have an adequate remedy under non-bankruptcy law. The suit pending before Judge Werker encompasses the entire dispute between the Golubs and Arlumsa. The Golubs assert that the involuntary petition is necessary in order to assure an equitable distribution to creditors and because they believe that Arlumsa is dissipating and wasting assets. However, in a single creditor case, the goal of equality of distribution among creditors is not served by an involuntary proceeding. *See, In re B.D. International,* 701 F.2d at 1075 n. 8. Further, the Golubs' interests are adequately protected by the panoply of relief available in the district court. Indeed, the Golubs have previously sought an order from Judge Werker directing the Sheriff to seize Arlumsa's assets and appointing a temporary receiver. In the action before Judge Werker, the Golubs made the identical assertions of waste and dissipation of assets. Judge Werker determined that he was empowered to grant such relief but declined to do so, stating:

> The Golubs have failed to establish waste or mismanagement of corporate assets. Nor have they shown that the assets of

the Glauber Companies are in imminent danger of being lost or squandered.

*Sheldon Golub and Howard Golub v. Arlumsa Development Corp.,* 83 Civ. 2184 (HFW) (S.D.N.Y. May 11, 1983). Thus, the Golubs have adequate protections and adequate remedies in the district court.

█ Regarding, the "special circumstances" exception, the Golubs reiterate their allegation of dissipation of assets and assert that they have been defrauded and that Arlumsa is merely "buying time" to liquidate for the advantage of Arlumsa principals. The Golubs have offered nothing in this forum to support those allegations. Further, such allegations can be addressed more expeditiously by Judge Werker. Finally, this Court notes that Judge Werker found that Arlumsa was not wasting or dissipating assets. *Id.* The Golubs have not shown such "special circumstances" to warrant the entry of an order for relief.

### C. *Improper Claim Under Code Section 303(b).*

Code section 303(b) provides that when an alleged debtor has fewer than 12 creditors, an involuntary case may be commenced by the filing of a petition by the holder of a non-contingent claim. Code section 101(4) defines a claim as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured. . . .

Such a broad definition of a claim may promote the filing of an involuntary petition by an alleged creditor whose "claim" arises from a dispute with an alleged debtor. Such a creditor may seek greater leverage against the alleged debtor in a case that is or should be commenced in a non-bankruptcy forum.

Arguably, the above referenced rule, that single creditor involuntary petitions should not be granted unless one of limited exceptions applies, should offer adequate protection to alleged debtors from improper involuntary petitions.

Nonetheless, Judge Friendly has taken the issue a bit further and has questioned whether simply any non-contingent claim as defined under section 101(4) could be the basis of an involuntary petition:

> Still we have difficulty in believing that Congress intended that a debtor should be found to be generally not paying his debts as they become due under § 303(h)(1) *or that a claim qualifies under § 303(b) when the claim is subject to serious dispute.* As said in *In re Nar-Jor Enterprises Corp.,* 6 B.R. 584, 586 (Bkrtcy.S.D.Fla.1980), the bankruptcy courts were "not designed or intended to the forum for trying isolated disputed claims."

*In re B.D. International,* 701 F.2d at 1076 (emphasis added).

In determining whether a claim qualifies as a basis for an involuntary, Judge Friendly stated that a claimant must establish that there are grounds for the claim and that no defenses have been asserted in substantive form. *In re B.D. International,* 701 F.2d at 1077 (Judge Friendly declined to determine whether less may suffice to establish a claim upon which an involuntary case may be brought).

■ We join Judge Friendly in his concern over the breadth of the definition of claim on which an involuntary petition may be brought. The bankruptcy court is an inappropriate forum to resolve the Golubs' isolated, disputed claim against Arlumsa. The Golubs have not demonstrated that no substantive defenses to their claim have been asserted by Arlumsa. Pursuant to Judge Friendly's reasoning, and in view of the rule against single creditor petitions, the Golubs' claim is insufficient as a basis for an involuntary petition under section 303(b).

*Costs and Damages*

■ Both the Golubs and Arlumsa request costs and additionally, Arlumsa seeks damages and punitive damages. In their papers, neither side addressed such assessments and the Court declines to award costs and damages to either party.

*Conclusion*

Single creditor involuntary petitions are generally not granted. The involuntary petition filed by the Golubs does not fall under the limited exceptions to that rule. Additionally, under Judge Friendly's reasoning in *B.D. International,* the Golubs' claim is not a claim on which an involuntary petition may be brought.

The involuntary petition against Arlumsa is dismissed.

It is so ordered.