**In re John Lafayette SELLERS, Jr., Debtor.**

**Bankruptcy No. 3–89–00532.**

United States Bankruptcy Court, E.D. Tennessee.

Oct. 27, 1989.

John F. Weaver, Knoxville, Tenn., Trustee.

Wade M. Boswell, Knoxville, Tenn., for debtor.

## MEMORANDUM ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF PENSION BENEFITS AS EXEMPT PROPERTY

RICHARD S. STAIR, JR.,
Bankruptcy Judge.

John F. Weaver, Trustee, objects to the debtor's claim to a $10,000 exemption in ERISA[1] qualified pension and profit sharing plans. The debtor claims his exemption under Tennessee law pursuant to Tenn. Code Ann. § 26–2–111(1) (1980), which provides in material part:[2]

26–2–111. ADDITIONAL EXEMPTIONS—CERTAIN BENEFIT PAYMENTS—AWARDS—TOOLS OF TRADE—HEALTH CARE AIDS.—... [T]he following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:

(1) The debtor's right to receive:

. . . .

(D) To the same extent that earnings are exempt pursuant to § 26–2–106, a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of death, age or length of service, unless:

(i) Such plan or contract was established by or under the auspices of an insider that employed the debtor at the time that the debtor's rights under such plan or contract arose;

(ii) Such payment is on account of age or length of service; and

(iii) Such plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408 or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408 or 409).

Provided, however, that the assets of the fund or plan from which any such payments are made, or are to be made, are exempt only to the extent that the debtor has no right or option to receive them except as monthly or other periodic payments beginning at or after age fifty-eight (58). Assets of such funds or plans are not exempt if the debtor may, at his option, accelerate payment so as to receive payment in a lump sum or in periodic payments over a period of sixty (60) months or less.

The Trustee contends that Tenn.Code Ann. § 26–2–111(1)(D) (1980) is preempted by ERISA. Alternatively, the trustee argues that the debtor's interest in his pension and profit sharing plans is not exempt under the Tennessee statute because the debtor has the right or option to receive his benefits under the plans prior to age fifty-

---

1. Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 829 (codified at 29 U.S.C.A. §§ 1001, *et seq.* (West 1985 & Supp.1989) and in various provisions of the Internal Revenue Code).

2. Pursuant to 11 U.S.C.A. § 522(b)(1) (West 1979), Tennessee opted out of the federal scheme of exemptions in 1980. *See* Tenn.Code Ann. § 26–2–112 (1980).

eight (58) upon termination of his employment. For reasons hereafter discussed, the court need not consider the merits of the trustee's alternative argument. Tenn. Code Ann. § 26–2–111(1)(D) (1980) is preempted by ERISA.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West Supp.1989).

I

The parties stipulate the following material facts:[3]

1. The debtor's vested interest in his pension plan on the date he filed his Chapter 7 petition, February 27, 1989, was approximately $3,564.81; his vested interest in the profit sharing plan was approximately $5,269.12.

2. The debtor's pension and profit sharing plans are ERISA qualified plans, qualifying under §§ 401(a), 403(a) and/or 403(b) of the Internal Revenue Code. (26 U.S.C.A. §§ 401(a), 403(a) and 403(b) (West Supp.1989)).

3. The debtor's interest in the disputed pension and profit sharing plans are property of the estate, subject only to the debtor's claimed exemption.

II

The trustee contends that the debtor's claim to an exemption of his ERISA qualified pension and profit sharing plans is invalid and must be disallowed. He argues that under the authority of the Supreme Court decision in *Mackey v. Lanier Collections Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), Tenn.Code Ann. § 26–2–111(1)(D) (1980) is preempted by ERISA.

In *Mackey*, the Supreme Court held that a Georgia statute exempting ERISA qualified welfare benefit plans from garnishment was preempted by ERISA. The court struck down the Georgia statute on the strength of ERISA § 514(a), which, as codified at 29 U.S.C.A. § 1144(a) (West 1985), provides in material part:

**(a) Supersedure; effective date**

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to *any* employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.... (emphasis added).

The Court, in its discussion of ERISA § 514(a) and its effect on the Georgia statute under consideration, stated:

ERISA § 514(a) pre-empts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). We believe that under our precedents, Ga.Code Ann. § 18–4–22.1 is such a state law.

The Georgia statute at issue here expressly refers to—indeed, solely applies to—ERISA employee benefit plans.... "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with *or reference to* such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983) (emphasis added). On several occasions since our decision in *Shaw*, we have reaffirmed this rule, concluding that state laws which make "reference to" ERISA plans are laws that "relate to" those plans within the meaning of § 514(a). See, *e.g.*, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). In fact, we have virtually taken it for granted that state laws which are "specifically designed to affect employee benefit plans" are preempted under § 514(a). Cf. *Pilot Life Ins. Co. v. Dedeaux, supra,* 481 U.S. at 47–48, 107 S.Ct. at 1553; *Shaw v. Delta Air Lines, Inc., supra,* 463 U.S., at 98, 103 S.Ct., at 2900.

The possibility that § 18–4–22.1 was enacted by the Georgia legislature to

---

**3.** Written stipulations were filed July 10, 1989. The court is synopsizing rather than quoting verbatim those stipulations material to the issue in dispute.

help effectuate ERISA's underlying purposes—the view of the Georgia Court of Appeals below, see 178 Ga.App. [467], at 467, 343 S.E.2d [492], at 493—is not enough to save the state law from preemption. "The pre-emption provision [of § 514(a)] ... displace[s] all state laws that fall within its sphere, *even including state laws that are consistent with ERISA's substantive requirements.*" [4] *Metropolitan Life Ins. Co. v. Massachusetts, supra,* 471 U.S., at 739, 105 S.Ct., at 2389. The decision in *Shaw* particularly underscores this point. There, we found a New York antidiscrimination ordinance pre-empted under § 514(a), even though Congress had not expressed any intent in ERISA to approve of the employment practices that the State had banned by its statute. *Shaw, supra,* 463 U.S., at 97, n. 15, 98–99, 103 S.Ct., at 2900, n. 15, 2900–01. Legislative "good intentions" do not save a state law within the broad pre-emptive scope of § 514(a).

Consequently, adhering to our precedents in this area, we hold that Ga.Code Ann. § 18–4–22.1, which singles out ERISA employee welfare benefit plans for different treatment under state garnishment procedures, is pre-empted under § 514(a). The state statute's express reference to ERISA plans suffices to bring it within the federal law's pre-emptive reach.

108 S.Ct. at 2185 (footnote omitted) (emphasis added).

In discussing the "different treatment" accorded welfare benefit plans under the Georgia statute, the Court observed:

This "different treatment" is illustrated, not only by the express reference to ERISA plans in the language of § 18–4–22.1, but also in the disparate treatment accorded to non-ERISA benefit plans under Georgia law. Under the State's garnishment statutes, non-ERISA pension and retirement plans are exempted from garnishment, but no exemption is provided for non-ERISA employee welfare benefit plans. Compare Ga.Code Ann. § 18–4–22 (Supp.1987) with Ga. Code Ann. § 18–4–22.1 (1982). Consequently, ERISA welfare benefit plans are protected from garnishment under Georgia law, but non-ERISA plans are not so protected.

108 S.Ct. at 2185 n. 4.

Tenn.Code Ann. § 26–2–111(1)(D) (1980) allows the debtor to exempt only his interest in ERISA qualified plans from seizure.[5] Based on the Supreme Court's decision in *Mackey,* Tenn.Code Ann. § 26–2–111(1)(D) (1980) is preempted by ERISA and the debtor may not exempt his interest in the ERISA qualified pension and profit sharing plans in dispute in this contested proceeding. Other courts have held in a consistent manner. *See, e.g., Deposit Guaranty Nat'l Bank v. McLeod (In re McLeod),* 102 B.R. 60 (Bankr.S.D.Miss.1989) (Mississippi statute exempting ERISA qualified retirement funds from seizure preempted by ERISA); *Penick v. Hirsch (In re Hirsch),* 98 B.R. 1 (Bankr.D.Ariz.1988) (Arizona statute exempting ERISA qualified pension plans from execution preempted by ERISA); *In re Brown,* 95 B.R. 216 (Bankr. N.D.Okla.1989) (Oklahoma statute exempting ERISA qualified pension plans

---

**4.** Tenn.Code Ann. § 26–2–111(1)(D) (1980) can be said to be "consistent with ERISA's substantive requirements." The statute creates an exemption from "execution, seizure or attachment" of a resident's interest in an ERISA qualified plan. The Tennessee statute thus promotes a substantive requirement of ERISA barring assignment or alienation of benefits: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." ERISA § 206(d)(1), codified at 29 U.S. C.A. § 1056(d)(1) (West Supp.1989).

**5.** In addition to referring to qualified plans under Internal Revenue Code §§ 401(a), 403(a)

and 403(b), the Tennessee statute also refers to plans qualified under Internal Revenue Code §§ 408 (Individual Retirement Accounts) and 409 (Tax Credit Employee Stock Ownership Plans). This court recently found that an individual retirement account established under Internal Revenue Code § 408(a) (26 U.S.C.A. § 408(a) (West Supp.1989)) is not an ERISA qualified plan. *In re Martin,* 102 B.R. 639 (Bankr.E.D.Tenn.1989). Accordingly, the court held that an individual retirement account established under Internal Revenue Code § 408(a) is outside the preemptive scope of ERISA § 514(a). *Id.*

**156**

preempted by ERISA). *Contra, In re Volpe,* 100 B.R. 840 (Bankr.W.D.Tx.1989) (Texas statute exempting ERISA qualified benefit plans not preempted by ERISA).

For the reasons set forth herein, the trustee's objection to the debtor's claim of an exemption in his pension and profit sharing plans under Tenn.Code Ann. § 26–2–111(1)(D) (1980) is sustained. The debtor's exemption is disallowed. An appropriate order will be entered.