**In re B. Warren SMITH, Debtor.**

No. 90–7663–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 14, 1990.

Allan C. Watkins, Tampa, Fla., William S. Jonassen, Largo, Fla., for alleged debtor.

First Florida Bank, Eric E. Ludin, St. Petersburg, Fla., for creditor.

## ORDER ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY,
Chief Judge.

THIS IS an involuntary Chapter 7 liquidation case and the matter under consideration is the Debtor's Motion for Summary Judgment. It is the contention of the Debtor that there are no genuine issues of material facts, and that the Debtor is entitled to a judgment in his favor as a matter of law dismissing with prejudice the involuntary Petition filed against him. This contention is based on the claim asserted by the Debtor first, that he has more than twelve creditors and, since the Petition was filed only by one creditor, First Florida Bank, N.A. (First Florida), it lacks standing to maintain this involuntary Petition and obtain the entry of an Order for Relief as a matter of law. Second, it is the contention of the Debtor that he is generally paying his debts as they become due and, therefore, First Florida is not entitled to an order of relief against him in any event.

The relevant facts as they appear from the record are without dispute and are as follows:

On May 2, 1989, First Florida was awarded a Final Judgment against the Debtor and several non-Debtor co-defendants for $1,041,092.88. As of the date of the filing of the involuntary petition, the amount remaining unpaid on the judgment was $379,-007.56. It appears that the only asset of the Debtor that could be used to satisfy the judgment obtained by First Florida is the Debtor's interest in an ERISA qualified Pension and Retirement Plan. It is the contention of First Florida that it could reach the Debtor's pension plan only in the bankruptcy court, and this is the reason why First Florida filed an involuntary Petition against the Debtor.

The Debtor opposes the filing of the involuntary Petition and objects to the entry of the Order for Relief. It is the contention of the Debtor that since he has 25 creditors, the involuntary Petition cannot be maintained by one individual creditor because of the requirement of Bankruptcy Code § 303(b)(2).

Bankruptcy Code § 303(b)(2) provides:

(b) An involuntary case against a person is commenced by the filing with the Bankruptcy Court of a petition under Chapter 7 or 11 of this Title

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a

transfer that is voidable under § 544, 545, 547, 548, 549 or 724(a) of this Title by one or more of such holders that hold in the aggregate at least $5,000 of such claims. . . .

The Debtor attached to his Answer a list of his 25 creditors. A review of the record indicates that four of the creditors listed by the Debtor are his employees who were and still are employed by him and who work on a farm owned by the Debtor, and who are paid wages as they accrue. Fourteen of the remaining creditors of this Debtor are holders of claims that represent regular recurring monthly expenses connected with the operation of the Debtor's business, such as bills for maintenance, utilities, and the like. These bills range in amount from $20–$275 and are expenses for goods and services which were received by the Debtor on a regular basis prior to and after the filing of the involuntary Petition.

 It is a well-established proposition that insignificant debts which are customarily paid on a regular basis should not be counted to defeat an involuntary petition. *Denham v. Shellman,* 444 F.2d 1376 (5th Cir.1971). In *Denham,* the Debtor claimed to have eighteen creditors, seventeen of whom held small, insignificant debts which were customarily paid monthly. The *Denham* Court held that small current debts which are contracted to be paid monthly cannot be used by an alleged Debtor to increase the number of his creditors to greater than twelve in an effort to defeat an involuntary petition by a sole creditor. *Id.* at 1378–79.

Even though *Denham* was decided under the Bankruptcy Act of 1898, it is still good law as the Bankruptcy Code, like the Bankruptcy Act of 1898, requires three petitioning creditors to maintain an involuntary petition if the debtor has more than twelve creditors. § 303(b)(1). Although *Denham* was decided by the Fifth Circuit before the Eleventh Circuit was created, it is still precedent in this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981). This Court is therefore satisfied that de minimis debts owed by the Debtor on the date of filing are not to be considered in determining the number of creditors needed to join in an involuntary petition against the Debtor under § 303(b). *See, also In re Blaine Richards & Company, Inc.,* 10 B.R. 424 (Bankr.E.D.N.Y.1981); *In re Skye Marketing Corp.,* 11 B.R. 891 (Bankr.E.D.N.Y.1981). In sum, subtracting the four employee-creditors and the fourteen de minimis-creditors of this Debtor, it appears to this Court that this Debtor has only seven creditors to be considered when determining the number of creditors required to file an involuntary Petition under § 303 of the Bankruptcy Code.

Having established that First Florida may maintain this involuntary case, this leaves for consideration the question of whether First Florida is entitled to the entry of any Order for Relief on the basis that this Debtor generally is not paying his debts as they become due. Section 303(h)(1) of the Bankruptcy Code provides that

(h) . . . the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts [that] are the subject of a bona fide dispute;

. . . .

 It is without dispute that First Florida bears the burden of showing that the debtor is not paying debts as they become due and that its claim is no longer the subject of a bona fide dispute. *In re Rubin,* 769 F.2d 611, 615 (9th Cir.1985). As First Florida is the holder of a State Court Judgment against the Debtor, it is clear that the Debtor's debt to First Florida is not the subject of a bona fide dispute.

 The general rule is that the failure of a debtor to meet the liability of a single creditor does not warrant the granting of an Order for Relief. *In re LeSher International, Ltd.,* 32 B.R. 1 (Bankr.S.D.

N.Y.1982). Other factors must be considered, such as the amount of the debts not being paid and the number of creditors not being paid in determining whether the Debtor is generally paying his debts as they become due. *In re Arker,* 6 B.R. 632 (Bankr.E.D.N.Y.1980). Additionally, the Court also must consider whether the interest of creditors and the Debtor would be better served by dismissing the case and allowing the creditors to pursue their non-bankruptcy remedies. *In re R.V. Seating, Inc.,* 8 B.R. 663 (Bankr.S.D.Fla.1981).

■ There are two exceptions to the rule which denies a single creditor the ability to obtain an Order for Relief. One exception arises upon the showing of special circumstances amounting to fraud, artifice or scam by the debtor. A second exception arises when a debtor has a sole creditor who is without an adequate remedy under nonbankruptcy law if an Order for Relief is not entered.

Considering these exceptions seriatim, first, there is nothing in this record to warrant the finding that there are special circumstances which amount to fraud, artifice or scam by the Debtor. *cf In re 7 H Land and Cattle Company,* 6 B.R. 29 (Bankr.D.Nev.1980).

Relying on the second exception to the general rule, First Florida contends that this Debtor has only one meaningful asset, the Debtor's 401–K Employee Retirement Income Security Act (ERISA) plan, which could be used to satisfy First Florida's claim, and because of *Fla.Stat.* § 222.21(2)(a), it would not be able to reach the Debtor's interest in his ERISA plan in the state court. *Fla.Stat.* § 222.21(2)(a) provides as follows:

> § 222.21 Exemption of Pension Money and Retirement or Profit–Sharing Benefits from Legal Processes.
>
> ... (2)(a) Except as provided in paragraph (b) [inapplicable herein], any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

It is contended by First Florida that the result would be different in bankruptcy court because this Court and other bankruptcy courts have held that by virtue of the Supreme Court decision in *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), *Fla.Stat.* § 222.21(2)(a) is preempted by federal legislation, thus, the Debtor's interest in the ERISA plan would be included in his bankruptcy estate and subject to the claims of creditors, including the claim of First Florida.

It is true that this Court, and other bankruptcy courts, have, in fact, held that ERISA preempts any other legislation on the subject, and a debtor's interest in an ERISA plan cannot be exempted pursuant to *Fla.Stat.* § 222.21(2)(a). *See Mackey, supra; In re Conroy,* 110 B.R. 492 (Bankr. D.Mont.1990); *In re Sellers,* 107 B.R. 152 (Bankr.E.D.Tenn.1989); *In re Gardner, In re Parrish, In re Palmer,* 118 B.R. 860 (Bankr.M.D.Fla.1990); *In re Martin, In re Langford,* 119 B.R. 297 (Bankr.M.D.Fla. 1990). Based on the foregoing, First Florida urges the entry of an Order for Relief because it contends that only in a bankruptcy context could it receive any satisfaction of its valid claim against the Debtor. However, the resolution of this proposition is not without difficulty for the following reasons.

■ First, it is unresolved whether this particular Debtor's interest in his ERISA plan would qualify as a spendthrift trust, and thus, be excluded from property of the estate by virtue of § 541(c)(2) of the Bankruptcy Code. *See, e.g., In re John Hancock Mutual Life Insurance Co. v. Watson (In re Kincaid),* Bankr.L.Rep. (CCH) 73,669 (Dec. 6, 1990); Volume II, BNA at page 1213, 917 F.2d 1162 (9th Cir. October 25, 1990) (debtor's interest in an ERISA plan qualified as spendthrift trust, and thus, was not property of the estate by virtue of § 541(c)(2)). If this particular plan would qualify as a spendthrift trust, it would not be property of the estate and

therefore would not be subject to administration which would, in turn, relegate First Florida to remedies under state law to be litigated in state court.

■ In addition, assuming that the Debtor's ERISA plan is not excluded from the estate by virtue of § 541(c)(2), this Court is satisfied and still adheres to the view expressed in its previous decisions, *In re Gardner, In re Parrish, In re Palmer, supra; In re Martin, In re Langford, supra,* that the Federal legislation set forth in ERISA preempts the subject, and therefore, Florida was not competent to exempt ERISA from the reach of creditors in *Fla. Stat.* § 222.21(2)(a). To that extent, this Court is satisfied that the Debtor cannot claim his ERISA plan as exempt by virtue of *Fla.Stat.* § 222.21(2)(a).

■ This Court is also satisfied that in this Circuit, the Debtor's interest in the ERISA plan would not qualify as a separate nonbankruptcy Federal exemption pursuant to § 522(b)(2)(A). The Eleventh Circuit Court of Appeals in *In re Lichstrahl,* 750 F.2d 1488, 1491 (11th Cir.1985), held:

> The House and Senate reports on § 522(b)(2)(A) provide a list of property that can be exempted under federal laws. ERISA-qualified pension plans are not included. Although Congress may not have intended the list to be exhaustive, the failure to include ERISA is nonetheless indicative of congressional intent. Congress knew of the much-debated and comprehensive statute when it issued the House and Senate reports on § 522(b)(2)(A) in 1977 and 1978, and yet it did not include ERISA in those reports. *Matter of Goff,* 706 F.2d [574] at 585 [ (5th Cir.1983) ]; *see also In re Graham,* 726 F.2d 1268, 1274 (8th Cir.1984). Congress, however, did refer to ERISA in other sections of the Bankruptcy Code. Of particular importance is ERISA's inclusion within the alternative federal exemptions listed in § 522(d). The failure to mention ERISA in connection with § 522(b) was intentional. *Matter of Goff,* 706 F.2d at 585.

The court in *Lichstrahl* went on to note that the list of property exempted under federal law, which includes Social Security payments, wages of fishermen, Railroad Retirement Act benefits, Foreign Service Retirement and Disability payments, among others, can be distinguished from ERISA benefits. ERISA only regulates private employer pension plans, while the list of exemptions in the legislative history are all "peculiarly federal in nature, created by federal law or related to industries traditionally protected by the federal government." *Lichstrahl,* at 1491, quoting *In re Graham, supra,* 726 F.2d at 1274. Based on the foregoing, the court concluded that § 522(b)(2)(A) does not exempt ERISA plans. *See also In re Daniel,* 771 F.2d 1352 (9th Cir.1985), *cert denied* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Graham, supra,* 726 F.2d at 1268; *In re Goff, supra,* 706 F.2d 574 (5th Cir.1983). *But see contra In re Messing,* 114 B.R. 541 (Bankr.E.D.Tenn.1990).

Finally, it is less than clear whether this Debtor's interest in his ERISA plan could be claimed as exempt pursuant to *Fla.Stat.* § 222.201(1). This Statute provides as follows:

> Notwithstanding s. 220.20, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of s. 522 of that Act.

Whether Florida may use *Fla.Stat.* § 222.201(1) to selectively opt back into the Federal exemptions scheme and make § 522(d)(10)(E) available to Florida debtors is unclear.

All the foregoing arguments made pursuant to the Bankruptcy Code would, of course, only come into the picture when a debtor claims his interest in the ERISA plan as exempt in a pending bankruptcy case; it would not come into the picture outside of bankruptcy. Outside of bankruptcy, the debtor could only claim an ERISA plan as exempt pursuant to *Fla. Stat.* § 222.21, which in turn would bring into play the question whether or not the exemption under § 222.21 is enforceable in light of the preemption doctrine. *See* generally, *Mackey, supra.* This Court, of

course, is not in an position to prognosticate to what extent a state court would recognize that *Mackey* precludes any claim of exemption under § 222.21.

It should be noted at this juncture that some of this Court's decisions dealing with whether a Debtor's interest in an ERISA plan would qualify as a spendthrift trust or could be claimed as exempt are on appeal and have yet to be decided, and there is no question that this area of bankruptcy law is unsettled.

In the final analysis this Court is convinced that it is not without doubt that First Florida lacks a remedy in a nonbankruptcy forum. Inasmuch as exceptions to general rules are to be narrowly construed, this Court is satisfied that it is inappropriate to recognize the exception to the general rule and permit First Florida to resort to relief to under the Bankruptcy Code. It is the opinion of this Court that the parties in this case are involved in a two-party dispute which involves the interpretation of State law and which should appropriately be litigated in State Court. Having concluded that there are no general issues of material facts and that Debtor is entitled to a judgment in its favor as a matter of law, the Motion for Summary Judgment is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment by the Debtor is granted, and an Order for Relief will not be entered by this Court. It is further

ORDERED, ADJUDGED AND DECREED that the involuntary petition filed by First Florida be, and the same is hereby, dismissed.

DONE AND ORDERED.