In re B. Warren SMITH, Debtor.

**FIRST FLORIDA NATIONAL BANK, N.A., Appellant,**

v.

**B. Warren SMITH, Appellee.**

No. 91–182–CIV–T–17(B).
Bankruptcy No. 90–7663–8P7.

United States District Court,
M.D. Florida,
Tampa Division.

July 1, 1991.

Eric Elliott Ludin Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A., St. Petersburg, Fla., for appellant.

William Suante Jonassen, III, Indian Rocks Beach, Fla., Scott Alan Stichter Stichter, Riedel, Blain & Prosser, P.A., Tampa, Fla., for appellee.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This case is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. In the prior proceedings, Chief Bankruptcy Judge Alexander L. Paskay awarded summary judgment to the debtor, B. Warren Smith 123 B.R. 423 (1990). The creditor, First Florida National Bank, appeals.

## I. BACKGROUND

As the parties agreed at the October 10, 1990 hearing before the Bankruptcy Court, there is no material issue of fact in the case.

On May 2, 1989, appellant obtained judgment against the appellee, among others, in state court in the amount of $1,041,092.88. On December 11, 1989, appellant initiated a Writ of Garnishment in state court to collect its judgment. After a partial ruling in the state court in favor of appellee but before final judgment, appellant filed a single creditor petition for involuntary bankruptcy in federal court seeking the balance of the judgment ($379,007.56). During discovery, it was established that appellee holds only one asset, an ERISA qualified pension and retirement plan, which can be used to satisfy the judgment of the state court. Both parties moved for summary judgment after a brief period of discovery, and Judge Paskay granted appellee's motion as a matter of law.

## II. DISCUSSION

Appellant is entitled to a *de novo* review of all conclusions of law and the legal significance accorded to the facts. There are no factual questions at issue.

██ Under Section 303(h)(1) of the Bankruptcy Code,[1] an involuntary bankruptcy petition cannot be maintained in federal court unless it can be shown that the debtor is not generally paying his debts. Consequently, under most circumstances, a debtor's failure to pay a single creditor will not justify the granting of an involuntary bankruptcy petition. *In re LeSher Int'l,*

---

1. 11 U.S.C. § 303(h)(1) reads in relevant part: (h) ... the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due; ...

*Ltd.*, 32 B.R. 1 (Bkrtcy.S.D.N.Y.1982). Appellant notes, however, an exception to this rule allowing a sole creditor without adequate remedy under nonbankruptcy law to obtain an order of relief. *In re 7H Land & Cattle Co.*, 6 B.R. 29 (Bkrtcy.D.Nev.1980).

## A. STATUTORY EXCEPTIONS

■ Pursuing this line of reasoning, appellant notes that Florida Statutes § 222.-21(2)(a)[2] exempts ERISA qualified pension plans from creditors' claims under state law. Thus, appellant argues that this provision deprives it of an adequate remedy to collect its judgment under nonbankruptcy law. Appellant further alleges that the exemption will not apply in the federal courts by virtue of the decision in *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). The Supreme Court held that state exemption laws, such as Fla.Stat. § 222.21(2)(a), are preempted by federal legislation rendering ERISA qualified plans subject to bankruptcy claims.

Judge Paskay ruled, and this Court agrees, that the federal preemption should be recognized in state court as well as in federal court, and to the extent that this is uncertain, it is not for this Court to speculate. In addition, the partial state court order appeared to recognize this preemption in the abandoned state litigation.

■ Alternatively, appellant contends that 29 U.S.C. § 1056(d) (ERISA § 206(d)) provides an independent preemption of nonbankruptcy claims. The courts have held that this anti-alienation provision generally prevents garnishment of ERISA qualified pension plans by creditors except for child support and alimony. *Mackey*, 486 U.S. at 837, 108 S.Ct. at 2189; *St. Paul Fire & Marine Ins. Co. v. Cox*, 752 F.2d 550, 552 (11th Cir.1985). The plan would be included in the bankruptcy estate, however, under 11 U.S.C. § 541(a).

■ Judge Paskay failed to address this argument in his opinion except to note that appellant's pension plan may be exempt from the property of the estate under 11 U.S.C. § 541(c)(2)[3] as a spendthrift trust. On closer examination, the chances for such an exclusion are remote at best. The Eleventh Circuit, in *Lichstrahl v. Bankers Trust (In re Lichstrahl)*, 750 F.2d 1488, 1490 (11th Cir.1985), interpreted § 541(c)(2) as applying only to state laws concerning spendthrift trusts. Under Florida law, the purpose of a spendthrift trust is to protect the beneficiary from himself as well as his creditors. Thus, a spendthrift trust cannot exist if the beneficiary is able to control the assets of the trust before its maturation. *Lichstrahl*, 750 F.2d at 1490; *Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 466, 57 So. 243, 244–245 (1911). "Any other ability to obtain benefits ... by termination of employment, voluntary withdrawal or borrowing against the fund would disqualify the plan as spendthrift." *Matter of Lee*, 119 B.R. 833 (Bkrtcy. M.D.Fla.1990).

An examination of the appellee's plan would indicate that it allows him to exercise control incompatible with Florida law concerning spendthrift trusts. The appellee's plan has provisions permitting him: (1) to make withdrawals against his interest in the plan (Art. III, § 3.3(d)); (2) to collect his interest upon termination of employment (Art. IV, § 4.2); (3) to borrow against his vested interest (Art. VIII, § 8.3); and, (4) to direct the investment of his interest in the pension fund (Art. VIII, § 8.11). These undisputed attributes of the appellee's pension plan prevent its exclusion from the bankruptcy estate pursuant to § 541(c)(2). Consequently, it appears that the anti-alienation provisions of 29

---

**2.** Fla.Stat. § 222.21(2)(a) notes in pertinent part:

(2)(a) ... any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

**3.** 11 U.S.C. § 541(c)(2) states in full:

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

U.S.C. § 1056(d) preclude the state garnishment action.

## B. THE SOLE CREDITOR EXCEPTION

 The Court must now consider an issue which was not reached by the bankruptcy court. As independent support for the grant of summary judgment, appellee contends appellant bases his arguments on a misinterpretation of *7H Land, supra*. *7H Land* establishes the exception to 11 U.S.C. § 303(h)(1), discussed above, allowing creditors to maintain an involuntary bankruptcy petition without showing that the debtor is in general default. Appellee maintains that the exception cited by the appellant applies only to *sole* creditors and not to *single* creditors such as the appellant. This would support summary judgment on Judge Paskay's undisputed finding that the appellee has seven creditors including the appellant.

In support of its position, appellee notes that the *7H Land* court is very specific about its intentions:

> Certainly the first [exception] is unusual: that over a reasonable period of time there has been and there is only one creditor.... in such exceptional cases, there could be an order for relief, providing, under all the circumstances, the sole creditor shows that he *cannot possibly obtain adequate relief in the ordinary courts* without resorting to the Bankruptcy Court ...

6 B.R. at 32 (emphasis in original). This limitation of the exception to sole creditors has been scrupulously observed in the subsequent cases as well. *E.g. In re Dwoskin*, 24 B.R. 41, 42 (Bkrtcy.S.D.Fla.1982); *In re R.V. Seating, Inc.*, 8 B.R. 663, 665 (Bkrtcy.S.D.Fla.1981); *In re Cordova*, 34 B.R. 70, 71 (Bkrtcy.D.N.M.1983); *In re Arlumsa Dev. Corp.*, 33 B.R. 981, 983 (Bkrtcy.S.D.N.Y.1983); *Matter of LeSher Int'l. Ltd.*, 32 B.R. 1, 2 (Bkrtcy.S.D.N.Y.1982); *In re Arker*, 6 B.R. 632, 636 (Bkrtcy.E.D.N.Y.1980). In light of these precedents and the appellant's inability to find credible case support for its opposing position, the Court accepts appellee's argument. Accordingly, it is

ORDERED that the Final Judgment in Bankruptcy Case No. 90–7663–8P7 be affirmed; and the Clerk of the Court shall enter judgment for the Appellee.

DONE and ORDERED.