**In the Matter of William W. WAGNER, Debtor.**

**Bankruptcy No. MM7–85–00975.**

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 23, 1985.

Mark Bromley and Stuart Urban, Lancaster, Wis., for petitioning creditors.

Galen Pittman, LaCrosse, Wis., for debtor.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

ROBERT D. MARTIN, Bankruptcy Judge.

This contested involuntary petition having been tried on August 30, 1985, with

Mark Bromley and Stuart Urban representing the petitioning creditors and Galen Pittman representing the debtor and considering all the evidence presented and briefs filed I now make the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. This involuntary case was commenced in the U.S. Bankruptcy Court for the Western District of Wisconsin on May 21, 1985.

2. The debtor has resided within this district for the 180 days immediately preceding the filing of the petition herein.

3. The petitioner, Carol C. Molldrem, holds a claim against the debtor, William W. Wagner, in the amount of $275,000.00, plus interest at the statutory rate of 12% from April 15, 1985; no payments have been made on said claims.

4. The petition of Carol C. Molldrem has been joined by the estate of Conrad F. Molldrem, which holds a claim against the debtor in the amount of $37,945.64, plus interest at the statutory rate of 12% from April 15, 1985; no payments have been made on said claim.

5. The petition of Carol C. Molldrem has also been joined by Blue Cross/Blue Shield United of Wisconsin, which holds a claim against the debtor in the amount of $35,944.19, plus interest at the statutory rate of 12% from April 15, 1985; no payments have been made on said claim.

6. The claims of all three of the petitioners herein arise out of the battery by William W. Wagner of Conrad F. Molldrem; said battery resulted in the death of Conrad F. Molldrem on February 12, 1983 as set forth in the state court judgment, which has been received as evidence herein.

7. The jury verdict in the civil action between Carol C. Molldrem and William W. Wagner was returned on March 12, 1985. On March 18, 1985, the debtor granted a mortgage in the amount of $64,000.00 to Johns, Flaherty & Gillette, S.C., his attorneys, and the debtor granted a mortgage to Raymond Wagner in the amount of $15,000.00 on March 12, 1985.

8. Said mortgages were granted in consideration of antecedents debt.

9. The debtor owes the law firm of Johns, Flaherty and Gillette, S.C. the sum of $64,000.00, as evidenced by a mortgage granted March 19, 1985; no payments have been made on said debt.

10. The debtor is indebted to Raymond Wagner, in the sum of $15,000.00, as evidenced by a mortgage dated March 19, 1985; no payments have been made on said debt since the granting of the mortgage.

11. The claims of the petitioner, those joining her petition, and the claims of Johns, Flaherty and Gillette, S.C. and Raymond Wagner, collectively exceed the net worth of the debtor.

12. The claims of Johns, Flaherty & Gillette, S.C., Raymond Wagner, Blue Cross/Blue Shield United of Wisconsin, the estate of Conrad F. Molldrem, and the claim of Carol C. Molldrem constitute debts which the debtor is unable to pay as they come due.

13. The debtor has an obligation at Great Rivers FS Cooperative in the amount of $3,809.10, all of which is past due.

14. The debtor is substantially current in meeting his monthly, recurring operating expenses, and in meeting his recurring household expenses.

15. The debtor is a calendar-year taxpayer, whose last taxable year, prior to the filing of the bankruptcy petition, ended on December 31, 1984.

16. The debtor's 1984 income tax returns, as filed in April, 1985, reported income of which income derived from farming constituted less than 80% of the adjusted gross income on said returns. The major source of the remainder of the debtor's income is the distribution of his personal retirement fund ("IRA") into which he made contributions from his income received from farming prior to 1984.

17. In June, 1985, the debtor filed an amended Wisconsin income tax return,

which reallocated income as between the debtor and his wife, Cleone Wagner; on the face of said return, the debtor's adjusted gross income from farming constituted more than 80% of his total adjusted gross income.

18. The debtor's income from farming, as defined by 11 U.S.C. § 101(17) and (18), does not exceed 80% of his total adjusted gross income, with the reallocation of capital gains from the sale of C & W Car Wash to the debtor.

19. On August 20, 1985, the debtor filed a second amended Wisconsin income tax return reallocating additional income and losses as between the debtor and his spouse.

20. The second amended Wisconsin income tax return also reflects the allocation of 50% of the debtor's capital gains from C & W Car Wash to Cleone Wagner, the debtor's spouse.

21. On or before March 18, 1985, the debtor transferred all of the milk income from the debtor's farming operations to his spouse, Cleone Wagner.

## CONCLUSIONS OF LAW

22. Income from the distribution of a personal retirement accounts "IRA" funded by income in prior years is not income from farming, but rather income from investment. None of the considerations of the cyclical and uncontrollable influences on farming which justify the prohibition against involuntary bankruptcy for farmers is present in connection with the income received from a IRA distribution.

23. The debtor is not a farmer, as that term is defined in 11 U.S.C. § 101(17) and (18).

24. The debtor's reallocation of income, as shows on the June, 1985 amendment of his tax returns, violated tax rules by allocating capital gains received from the sale of C & W Car Wash in Boscobel, Wisconsin, to Cleone Wagner. Cleone Wagner held no interest in the partnership nor in the underlying real estate which would justify the allocation of said income to her.

25. The debtor is a person against whom an order for relief may be entered under title 11, United States Code.

26. The reallocation of the debtor's capital gain from the sale of C & W Car Wash to Cleone Wagner, as set forth in the second amended Wisconsin income tax return is not a proper allocation of income for tax purposes; setting that reallocation of income aside, the debtor's adjusted gross income from farming does not exceed 80% of his total adjusted gross income.

27. The battery of Conrad F. Molldrem, which resulted in his death, having given rise to the claims of the estate of Conrad F. Molldrem, Carol C. Molldrem and Blue Cross/Blue Shield United of Wisconsin, coupled with the arguably preferential transfers to the debtor's attorney and the debtor's brother on March 18, 1985, constitutes special circumstances within the meaning of *In re Arker*, 6 B.R. 632 (Bankr.E.D.N.Y.1980), and *In re 7H Land & Cattle Co.*, 6 B.R. 29 (Bankr.D.Nev. 1980).

28. An order for relief should be entered in this case.