### In re J.B. LOVELL CORPORATION, Debtor.

**Bankruptcy No. 87–20057.**

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

Oct. 2, 1987.

William F. Savino, Damon & Morey, Buffalo, N.Y., for debtor.

Rogers & Hardin, Atlanta, Ga., for petitioning creditor, Carlisle Syntec Systems.

### ORDER

STACEY W. COTTON, Bankruptcy Judge.

On February 4, 1987, Carlisle Syntec Systems ("Carlisle") filed a petition seeking entry of an order for relief under Chapter 7 of Title 11, United States Code, against the J.B. Lovell Corporation ("debtor"). The petition alleged that Carlisle was the holder of a claim against the debtor of $916,064.86 for merchandise sold and delivered on open account. Debtor originally filed a motion to dismiss the petition but has subsequently withdrawn that motion. Debtor still contends however that an order for relief should be denied. The only issues that remain in debtor's opposition to this involuntary petition are whether the claim by Carlisle is subject to a bona fide dispute and whether the debtor is generally paying its debts as they become due.

The court now considers the issue of whether debtor is generally paying its debts as they become due. For purposes of ruling on this issue, as set out in this court's order dated July 28, 1987, the parties have stipulated that the court assume that Carlisle has a valid claim in the amount of $916,064.86. Debtor asserts that this amount is subject to counterclaims and setoffs and is thus subject to a bona fide dispute. As stated in the July 28 order, the debtor has admitted that it has at most $50,000 in unsecured debt over and above Carlisle's claim and approximately $115,000 in secured claims. That order also provided that the court will hold an evidentiary hearing, if necessary, on the issue of whether Carlisle's claim is subject to a bona fide dispute.

Pursuant to 11 U.S.C. Section 303(h)(1), a bankruptcy court can grant relief on an involuntary petition only if the creditors show that the debtor was generally not paying its debts as they become due. This determination is to be made at the time of

the filing of the involuntary petition. *See In re Molen Drilling Co.,* 68 B.R. 840, 846 (Bankr.D.Mont.1987).

This court discussed the application of Section 303(h)(1) in *In re CLE Corp.,* 59 B.R. 579, 585–86 (Bankr.N.D.Ga.1986). This court recognized that courts employ several factors in deciding if a debtor is generally not paying its debts as they become due. This court discussed the four factor test elaborated in *In re Reed,* 11 B.R. 755, 759–60 (Bankr.S.D.W.Va.1981) which considered (1) the number of debts; (2) the amount of delinquency; (3) the materiality of nonpayment; and (4) the nature of the debtor's conduct of its financial affairs. Other courts have used a five factor test as elaborated in *In re Gill Enterprises,* 15 B.R. 328, 332 (Bankr.D.N.J.1981), which considered (1) the timeliness of payments on past due obligations; (2) the amount of debts long overdue; (3) the length of time during which the debtor has been unable to meet large debts; (4) any reduction in the debtor's assets; and (5) the debtor's deficit financial situation. *See also In re Dakota Lay'd Eggs,* 57 B.R. 648, 657 (Bankr.D.N.D.1986).

In *In re Garland Coal & Mining Co.,* 67 B.R. 514, 521–22 (Bankr.W.D.Ark.1986), the court, in considering an involuntary petition, emphasized that the nonpayment of a few large debts is sufficient to justify an order for relief. In that case, although the debtor, prior to the filing of the involuntary petition, was paying most of its creditors in number, the total debt that it was not paying as the debt became due was well in excess of fifty percent of the total outstanding liabilities. As a result, the court concluded that debtor was not paying its debts as they became due and granted the order for relief.

In the case at bar, as in *Garland,* the amount of debts not being paid constitutes a significant percentage of the debtor's total outstanding liabilities. The debt owed to Carlisle is well over eighty (80%) percent of debtor's outstanding liabilities. This claim is so substantial that debtor's failure to pay it alone warrants a finding that the debtor was not generally paying its debts as they became due. Thus, the court concludes that the debtor, J.B. Lovell Corporation, was not generally paying its debts as they became due.

IT IS SO ORDERED.