**In re H.I.J.R. PROPERTIES
DENVER, Debtor.**

**H.I.J.R. PROPERTIES
DENVER, Appellant,**

v.

**Paul SCHIDELER, Appellee.**

**No. 89–K–1640.**
**Bankruptcy No. 88 B 10222A.**

United States District Court,
D. Colorado.

June 11, 1990.

Kevin Haight, Zimmerman & Schwartz, Denver, Colo., for H.I.J.R.

Tom H. Connolly, Gibson, Dunn & Crutcher, Denver, Colo., for Shideler.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an appeal from a bankruptcy court order granting the creditor's petition for involuntary bankruptcy against the debtor under § 303(h)(1) of the Bankruptcy Code. The debtor, H.I.J.R. Properties, argues that the petition was granted in error. It raises two issues: whether the evidence demonstrated that it was not generally paying its debts as they came due and whether Paul Shideler, as a allegedly sole creditor of H.I.J.R. Properties, demonstrated exceptional circumstances to justify the entry of an order for relief against H.I.J.R. Properties. I affirm.

### I. *Facts.*

H.I.J.R. Properties was a general partnership formed to engage in real estate transactions and investments, but inactive since approximately 1982. Its principals were three brothers: Iran, Howard and Bruce Emeson. On July 24, 1987, Mr. Shideler obtained a judgment against the partnership in the amount of $286,000, plus interest and costs. The basis for this judgment was a promissory note.

On August 7, 1987, the partnership conveyed one its few valuable assets, a condominium in Vail, Colorado, to a trust formed by Howard Emeson and wife. The conveyance of the condominium to the trust was ostensibly in payment of certain debts owed to Howard Emeson and to Imports International, Inc. The latter entity was a corporation owned by Iran Emeson and his daughter. Howard Emeson was a creditor of Imports International, Inc. and the corporation assigned its debt from H.I.J.R. Properties to Howard Emeson in partial satisfaction of Import's debt to Emeson.

On August 14, 1987, Mr. Shideler recorded a transcript of his judgment against the partnership in Eagle County, Colorado. In October, 1987, Mr. Shideler garnished H.I.J.R. Properties' bank account and received approximately $300 in funds. He also commenced an action in state court against H.I.J.R. Properties, alleging that the partnership's transfer of the Vail condominium to the trust was a fraudulent conveyance. Judgment against Mr. Shideler in that action was entered in July, 1989.

On August 2, 1988, while the state court fraudulent conveyance action was pending, Mr. Shideler filed an involuntary petition in bankruptcy against the partnership. H.I.J.R. Properties moved to dismiss the petition; action on the motion was stayed pending the outcome of the state court litigation. The court later denied the partnership's similar motion for summary judgment. On August 21, 1989, the bankruptcy court held a hearing on the involuntary petition. In a bench ruling, the court granted the petition. It found that Mr. Shideler had demonstrated that H.I.J.R. Properties was not paying its debts as they came due, notwithstanding that some of the debts were paid by its partners individually. *See* R. Vol. II at 65–66. It also found that exceptional circumstances justified the granting of the petition, in that the partnership's transfer of the condominium appeared to be a preference and Mr. Shideler could have the transfer set aside only through proceedings in the bankruptcy

court. *See id.* at 69. H.I.J.R. Properties now appeals this ruling.

## II. *Merits.*

The standards for granting an involuntary petition for bankruptcy are governed by § 303 of the Bankruptcy Code. 11 U.S.C. § 303. If the entity against whom the petition is brought has 12 or more creditors, then three creditors must agree to the petition. *Id.* § 303(b)(1). If the entity has fewer than 12 creditors, a single creditor may bring the petition. *Id.* § 303(b)(2). The claims of such creditor or creditors must be non-contingent and undisputed and must aggregate to at least $5,000. *Id.* § 303(b). If the debtor contests the petition, a trial is held. The creditor must then demonstrate that, as of the date the petition was filed, "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute...." [1] *Id.* § 330(h)(1); *see Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543, 1546 (10th Cir.1988).

In this case, there is no dispute that H.I.J.R. Properties has fewer than twelve creditors; therefore, the petition was properly filed by only one creditor, Mr. Shideler. There is likewise no question that Mr. Shideler's claim of $326,000 is not contingent or disputed. Consequently, the remaining issue is whether H.I.J.R. Properties was generally paying its debts as they came due.

Although the phrase "generally not paying such debtor's debts as such debts become due" is not defined in the Code or illuminated by its legislative history, *see In re Tarletz*, 27 B.R. 787, 789 (Bankr.D.Colo. 1983), courts have looked to the "totality of the circumstances existing when the petition [was] filed." *Hays v. Rewald (In re Bishop, Baldwin, Rewald, Dillingham &*

*Wong)*, 779 F.2d 471, 475 (9th Cir.1985). In particular, they have focused on the number of the debts, the amount of the delinquency, the materiality of nonpayment and the nature of the debtor's conduct of his financial affairs. *In re Tarletz*, 27 B.R. at 789. A court's conclusion that the debtor is generally not paying his debts as they come due is a finding of fact which should not be disturbed unless clearly erroneous. *See Armstrong v. Corn Belt Bank*, 55 B.R. 755, 758 (C.D.Ill.1985), *aff'd*, 812 F.2d 1024 (7th Cir.1987); *In re Central Hobron Assocs.*, 41 B.R. 444, 452 (D.Haw.1984); *In re R.N. Salem Corp.*, 29 B.R. 424, 426 (D.Ohio 1983).

H.I.J.R. Properties argues that the bankruptcy court erred in granting Mr. Shideler's petition because the failure to pay one creditor does not establish that a debtor generally was not paying his debts. Although this statement is true as far as it goes, *see, e.g., In re Arlumsa Dev. Corp.*, 33 B.R. 981, 982–83 (Bankr.S.D.N.Y.1983) (citing cases), there are two problems with this analysis. First, based on the testimony and evidence introduced at trial, this was not a one-creditor case. The evidence established that there were two creditors as of the date of the petition: Mr. Shideler and Laventhol & Horwath (an accounting firm hired to prepare H.I.J.R. Properties' taxes). Although the debt to Laventhol & Horwath was paid after the petition was filed,[2] the bankruptcy court correctly noted that this payment, as well as payments to other creditors in the year preceding the petition, was made by insiders, and not H.I.J.R. Properties itself. *See* R. Vol. 11 at 65–67. It is undisputed that H.I.J.R. Properties had not made payments on Mr. Shideler's debt. Thus, there was sufficient evidence that H.I.J.R. Properties was not generally paying its debts as they came

---

1. The Code also allows for involuntary bankruptcy if a receiver or similar entity was appointed within 120 days before the filing of the petition. *See id.* § 330(h)(2). That section is not relevant to this case.

2. Technically, the fact that a debt has been paid postpetition is irrelevant; whether an involuntary debtor generally has not been paying creditors is determined as of the date the petition is

filed. *Bartmann v. Maverick Tube Corp.*, 853 F.2d at 1546. Postpetition payment by a debtor of delinquent debts will not affect the § 303(h)(1) analysis. *See In re Midwest Processing Co.*, 41 B.R. 90, 98–99 (Bankr.D.N.D.1984). H.I.J.R. Properties' argument that Mr. Shideler should be deemed its only creditor is therefore without merit.

due and the bankruptcy court's conclusion on this score was not clearly erroneous.[3]

■ Second, assuming this was a one-creditor case, there is an exception to the general proposition that failure to pay a sole creditor will not support the granting of an involuntary petition. The leading case on this issue is *In re 7H Land & Cattle Co.*, 6 B.R. 29 (Bankr.D.Nev.1980). In that case, the court considered "under what circumstances ... a single creditor [may] establish a case for involuntary bankruptcy with only proof of a default in respect to the debt or debts owing to him." *Id.* at 31. The court found two situations in which relief could be granted: "(1) an exceptional case of a debtor with a sole creditor who would otherwise be without an adequate remedy under State or Federal law (other than bankruptcy law) if denied an order for relief or (2) a showing of fraud, trick, artifice or scam." *Id.* at 34; *see also In re Arker*, 6 B.R. 632, 636 (Bankr.E.D.N.Y.1980). Since *In re 7H Land & Cattle Co.*, a number of courts have recognized the doctrine of exceptional circumstances to justify the granting of an involuntary petition in a single creditor case. *See 2 Collier on Bankruptcy* ¶ 303.07 at 303–20 n. 7 (L.King 15th ed. 1990).

Here, the bankruptcy court relied primarily on the first exception—whether the creditor was without an adequate remedy

under state law—in holding that the *7H Land & Cattle Co.* criteria were satisfied. The court noted that the sale of the condominium, while not a fraudulent transfer, appeared to be a preferential transaction "designed, evidently, to ensure that certain persons received somewhat more favorable treatment in a declining business; indeed, in a dormant business which was liquidating in order to terminate all of its business, and one creditor clearly here was disadvantaged by that transaction." *Id.* at 69. Since a preference action can only be brought in the bankruptcy court, Mr. Shideler had no adequate remedy under state or federal non-bankruptcy law, and the involuntary petition was properly filed.

H.I.J.R. Properties argues, however, that § 303 should not be invoked simply to permit the creditor to use federal bankruptcy law to recover a preference. Several courts, however, have recognized that § 303 may be used by a creditor to recover a preference that is otherwise unavoidable under state law. *See, e.g., In re Wagner*, 53 B.R. 93, 95 (Bankr.W.D.Wis.1985) (involuntary debtor's arguably preferential transfers to his attorney and his brother constituted special circumstances); *In re B.D. Int'l Discount Corp.*, 13 B.R. 635, 638–39 (Bankr.S.D.N.Y.1981) (transfer of substantial assets to insiders and third parties established special circumstances).[4]

---

**3.** H.I.J.R. Properties' contends that, in considering whether a debtor is generally paying its debts, payments of a debtor's obligations by a third party should be treated as payments by the debtor itself. I disagree. Section 303(h) focuses on the *debtor's* ability to pay debts as they come due. The fact that third party or an insider has stepped in to cover payments for the debtor or has voluntarily waived repayment of a debt owed to it is a relevant factor in assessing the debtor's payment history under § 303(h). *See, e.g., In re Midwest Processing Co.*, 41 B.R. at 101; *In re B.D. Int'l Discount Corp.*, 15 B.R. 755, 760 (Bankr.S.D.N.Y.1981), *aff'd*, 24 B.R. 876 (S.D.N.Y.1982), *aff'd*, 701 F.2d 1071 (2d Cir. 1983). Moreover, such third party payments may later result in claims against the debtor for these amounts. *In re Midwest Processing Co.*, 41 B.R. at 101. A debtor's ability to pay debts must be considered in light of the "totality of the circumstances," including those relating to third-party payments.

**4.** H.I.J.R. Properties conversely relies on the statement in *In re Central Hobron Associates* that "even the existence of a preference does not establish the lack of [an] adequate remedy elsewhere." 41 B.R. at 451. The court in that case was incorrectly paraphrasing language from *In re Blaine Richards & Co.*, 16 B.R. 362 (Bankr.E. D.N.Y.1982). *Blaine Richards* does not hold that "the mere assertion of preferential transfers was insufficient to establish the propriety of [an] involuntary petition." *Central Hobron*, 41 B.R. at 451. Instead, *Blaine Richards* held that neither the debtor nor the creditor was entitled to summary judgment on the creditor's § 303 petition, nor was the debtor entitled to dismissal of the petition under § 305(a)(1). If anything, *Blaine Richards* stands for the proposition that a sole creditor can withstand the debtor's motion for summary judgment or § 305 dismissal by alleging a preference recoverable only in bankruptcy court.

Contrary to H.I.J.R. Properties' argument, this case is distinguishable from cases in which the creditor was seeking to use involuntary bankruptcy as a means to recover a debt otherwise recoverable under state law. *See, e.g., In re Arlumsa Dev. Corp.,* 33 B.R. at 983; *In re LeSher Int'l Ltd.,* 32 B.R. 1, 2 (Bankr.S.D.N.Y.1982); *In re Dwoskin,* 24 B.R. 41, 42 (Bankr.S.D.Fla. 1982); *In re R.V. Seating, Inc.,* 8 B.R. 663, 665 (Bankr.S.D.Fla.1981). In those cases, the creditor had not yet taken advantage of state law remedies. In this case, Mr. Shideler has exhausted his state law remedies.

In sum, the bankruptcy court's decision in this case was not clearly erroneous. There was more than adequate evidence that the H.I.J.R. Properties was not paying its debts as they came due and that exceptional circumstances justified departure from the general rule that failure to pay the debt of a single creditor will not justify involuntary bankruptcy. Granting the petition will ensure "an orderly ranking of creditors' claims," one of the central purposes of the Bankruptcy Code, *see In re Central Hobron Assocs.,* 41 B.R. at 452, since it will enable Mr. Shideler to participate ratably with other creditors in the liquidation of H.I.J.R. Properties' assets. Accordingly, IT IS ORDERED that the bankruptcy court's ruling is affirmed.