# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 99-6017 EM
No. 99-6018 EM

|  |  |  |
|---|---|---|
| In re:  Barry I. Feinberg | * | |
| | * | |
| | * | |
| Debtor | * | |
| | * | |
| | * | |
| Isabel Perez, Brett Wolff, Soon Kim, | * | |
| Chris Felling and Albert Cohen | * | APPEAL FROM THE UNITED |
| | * | STATES BANKRUPTCY |
| Appellants/Cross-Appellees | * | COURT FOR THE EASTERN |
| | * | DISTRICT OF MISSOURI |
| v. | * | |
| | * | |
| Barry I. Feinberg, | * | |
| | * | |
| | * | |
| Appellee/Cross-Appellant | * | |

Submitted: July 22, 1999
Filed: September 15, 1999

Before KRESSEL, WILLIAM A. HILL, and SCOTT, Bankruptcy Judges.

SCOTT, Bankruptcy Judge

I

Barry Feinberg is an anesthesiologist who was sued by his seven former partners for, among other causes, fraud, breach of contract, and breach of fiduciary duty.  In June of 1998,

the doctors obtained a judgment against Feinberg in the amount of 2.3 million dollars.[1] The doctors are essentially divided into three groups: five are represented by one attorney, and the other two are represented separately. Since the judgment was rendered, the first group has collected some negligible amount on their claim. Frustrated by the lack of result in the collection efforts as well as the debtor's actions in transferring assets, on November 30, 1998, the five creditors filed an involuntary petition under chapter 11 against the debtor pursuant to 11 U.S.C. § 303.

The debtor contested the petition, moved to dismiss the case, and, in the alternative, requested abstention under section 305. The debtor also requested an award of attorney's fees and damages. Trial was held on February 8, 1998, after which the bankruptcy court denied entry of an order for relief on the basis that the creditors failed to demonstrate that the debtor was not generally paying his debts. The bankruptcy court found that the appropriate relief, upon viewing all of the motions before him, was dismissal under section 303 and, therefore, the motions for abstention under section 305 and for fees and damages were denied. The five petitioning creditors appeal and the debtor cross-appeals.

We review the bankruptcy court's determination of the factual issue, whether the debtor is generally not paying his debts, under the clearly erroneous standard. See Concrete Pumping Service v. King Construction Co. (In re Concrete Pumping Service), 943 F.2d 627, 630 (6th Cir. 1991); H.I.J.R. Properties Denver v. Schideler (In re H.I.J.R Properties Denver), 115 B.R. 275, 277 (D. Colo. 1990).

II

Section 303 of the Bankruptcy Code provides for the commencement of an involuntary case against a person. The alleged debtor may contest the filing of the petition, however, and, after trial, the court may order relief if "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute." 11 U.S.C. § 303(h)(1). The mere fact that a judgment has been appealed does not create a bona fide dispute for purposes of this section, In re Cohn Phillips, Ltd, 193 B.R. 757, 763 (Bankr. E.D. Va. 1996); In re Norris, 183 B.R. 437, 451-53 (Bankr. W.D. La.

---

[1]Appeal of this judgment is pending with the Missouri Court of Appeals.

1995), and the parties do not appear to argue in this appeal that a <u>bona fide</u> dispute exists. Rather, the primary issue in this case is whether the debtor is generally not paying his debts. The essential facts with regard to this issue are undisputed. Although the debtor owes a total of 2.3 million dollars to his seven former partners and may have actively hindered efforts to collect the debt,[2] he and his wife timely pay all other debts and bills as they come due.

The determination of "generally not paying" is a factual one and the case authority shows, upon a cursory review, little consistency in the results. A closer examination of the authorities, however, indicates that the courts consistently permit entry of an order for relief in cases similar to this one. There are no standard rules for determining the concept of generally not paying, but the courts have developed several factors which should be viewed in light of the alleged debtor's total financial picture. The factors include:

(1) the number of unpaid claims;

(2) the amount of the claims;

(3) the materiality of nonpayment; and

(4) the overall conduct of the debtor's financial affairs.

<u>See generally</u> <u>Crown Heights Jewish Community Council, Inc. v. Fischer</u>, (<u>In re Fischer</u>), 202 B.R. 341 (E.D.N.Y. 1996). In addition to this general standard, the bankruptcy courts adopted, early in the history of the Bankruptcy Code, a "single creditor rule"[3] which expressly factors into the analysis of "generally not paying" and under which courts are purportedly disinclined to permit an involuntary petition where there is only a single creditor. Although the case authority uniformly states this rule, the exceptions override it. With the exception of a minority of cases, <u>see, e.g.</u>, <u>In re Smith</u>, 123 B.R. 423 (Bankr. M.D. Fla. 1990), <u>aff'd</u>, 129 B.R. 262 (M.D. Fla. 1991); <u>Matter of LeSher International, Ltd.</u>, 32 B.R.

---

[2]Each of the partners obtained a separate judgment. In light of the amount of the debt, it makes little difference to the analysis whether the creditors are counted as one, three or seven. Arguments exist for calculation pursuant to any of these methods, and, although there is some authority which indicates that a "single creditor" may not seek relief, <u>see generally</u> <u>Crown Heights Jewish Community Council, Inc. v. Fischer</u>, (<u>In re Fischer</u>), 202 B.R. 341 (E.D.N.Y. 1996)(discussing cases), under this court's analysis the issue becomes insignificant.

[3]This is also known as the "almost per se rule."

1 ( Bankr. S.D.N.Y. 982),[4] all levels of courts generally permit the single creditor involuntary petition to proceed, see, e.g., In re Concrete Plumbing, 943 F.2d 627 (6th Cir. 1991); In re B.D. International Discount Corp., 701 F.2d 1071 (2d Cir. 1983), cert. denied, 464 U.S. 830 (1983);  In re Food Gallery at Valleybrook, 222 B.R. 480 (Bankr. W.D. Pa. 1998); In re H.I.J.R. Properties Denver, 115 B.R. 275 (D. Colo. 1990); In re J.B. Lovell, Corp., 80 B.R. 254 (Bankr. N.D. Ga. 1987); In re Tikijian, 76 B.R. 304 (Bankr. S.D.N.Y. 1987); In re Garland Coal & Mining Co., 67 B.R. 514 (Bankr. W.D. Ark. 1986); In re Hudson, 28 B.R. 876 (Bankr. E.D. Tenn. 1983); In re Zoomaire, 47 B.R. 628 (Bankr. S.D. Ohio 1985); In re Blaine Richards & Co., 16 B.R. 362 (Bankr. E.D.N.Y. 1982); Hill v. Cargill, Inc., 8 B.R. 779 (D. Minn. 1981); In re Kriedler Import Corp., 4 B.R. 256 (Bankr. D. Md. 1980).

The courts generally order relief in an involuntary case in which there is a single creditor based upon special circumstances, i.e., that there is some fraud, artifice, or fraud on the part of the debtor, see, e.g., Matter of Wagner, 53 B.R. 93 (Bankr. W.D. Wis. 1985)(debtor transferring assets), or there is no adequate remedy in the state courts, see, e.g., H.I.J.R. Properties Denver 115 B.R. 275.

The bankruptcy court did not expressly invoke the single creditor rule and was not required to do so.  See generally Crown Heights Jewish Community Council, Inc. v. Fischer, (In re Fischer), 202 B.R. 341 (E.D.N.Y. 1996)(noting inconsistency of the rule with the statutory language).  Rather, the bankruptcy court noted the factors to be analyzed, and, although the bankruptcy court's opinion notes that these factors are instructive, the court's reasoning did not expressly address them.  Rather, the bankruptcy court determined that the creditor's burden had not been met because, although one class of creditors was not being

---

[4]It is also noteworthy that in the cases adhering to the single creditor rule, distinctions involve unique distinct factual situations.  See, e.g., Nordbrock, 772 F.2d 397 (8th Cir. 1985)(the debt was disputed and contingent and the creditor was attempting to use the bankruptcy court as a forum not only for collection, but for trial of its disputed claim); In re Palace Oriental Rugs, Inc., 193 B.R. 126 (Bankr. D. Conn. 1996)(petitioning creditors constituted less than 50% of the number and amount of debt); In re Gold Bond Corp., 98 B.R. 128 (Bankr. D.R.I. 1989)(creditor failed to even allege an exception to the single creditor rule and both parties were "repugnant"); In re Leek, 52 BR. 311 (Bankr. M.D. Fla. 1985)(bona fide dispute existed).

paid, all other expenses of the debtor were timely paid, the consequences of a bankruptcy proceeding upon this young professional would be harsh, and state law remedies could be pursued with out the added costs of bankruptcy administration.[5]

The case authority determining "generally not paying," although fact-intensive, is fairly consistent with the vast majority of cases ordering relief in similar involuntary cases. After reviewing the record and the bankruptcy court's analysis in this opinion we are left with the conviction that error occurred. The amount of the delinquency to the petitioning creditors is very large, and the debtor pays those debts he considers he should pay, rather than all just debts and thus cannot be said to be paying his debts or general obligations as they come due. The record, and indeed, the bankruptcy court's opinion, is replete with debtor's actions in manipulating his and his wife's income, transferring assets, attempting to hinder and delay these creditors, while living lavishly. These facts are an exception, assuming it applies, to the single-creditor rule, and, in any event, clearly mandates a finding that there is a general failure to pay debts as they come due.

More importantly for purposes of appellate review, the bankruptcy court failed to apply the appropriate factors for determination to the specific facts of the case. Although the court states the factors, the conclusions are not congruent with the factors. Inasmuch as the bankruptcy court did not apply the appropriate factors for determination of "generally not paying" we remand for consideration of the facts in light of this opinion.

III

The debtor argues in his cross-appeal that, should this court reverse or remand on the appeal, we may affirm on the grounds that abstention is proper. While we may be tempted to concur with this analysis, it is for the bankruptcy court to first conduct that analysis and make such a decision. It appears that the bankruptcy court did not reach the issue of

---

[5]These factors, although appropriate for consideration in the section 303 context, are more generally applied in determining the bests interests of the debtor and creditors in determining whether abstention under section 305 is appropriate. See, e.g., Remex Electronics Ltd. v. Axl Indus. (In re Axl Indus.), 127 B.R. 482 (S.D. Fla. 1991), aff'd in part & appeal dismissed in part, 977 F.2d 598 (11th Cir. 1992).

abstention because it dismissed the case. Accordingly, upon remand, should the bankruptcy court, upon analysis of the relevant facts and factors, determine that entry of an order for relief is merited under Bankruptcy Code section 303, the bankruptcy court may proceed to and determine the issue of abstention under section 305.[6] Based upon the foregoing, this Court reverses the bankruptcy court's order denying an order for relief and dismissing the case and remands to the bankruptcy court for determination in accord with this opinion.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

---

[6]In light of this opinion, the Court obviously finds no error in the bankruptcy court's denial of attorney's fees or other damages pursuant to section 303(i).