**FEDERAL FINANCIAL COMPANY**
Appellant

v.

**DeKARON CORPORATION Appellee**

**Nos. 01–308–CIV–JORDAN,
01–505–CIV–JORDAN.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 26, 2001.

Brian Scott Behar, Behar, Gutt & Glazer, Aventura, FL, for Appellant.

David Rand Softness, Gelfand & Softness, Miami, FL, for Appellee.

**OPINION REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING FOR FURTHER PROCEEDINGS**

JORDAN, District Judge.

For the reasons set forth below, the bankruptcy court's dismissal of Federal Financial Company's involuntary Chapter 7 petition against DeKaron Corporation is reversed. The matter is remanded for further proceedings consistent with this opinion.

### I. Procedural History

On July 10, 2000, Federal filed a form involuntary bankruptcy petition under Chapter 7 against DeKaron. The form petition checked boxes indicating that Fed-

eral was eligible to file under 11 U.S.C. § 303(b) and that DeKaron was "generally not paying [its] debts as they bec[a]me due[.]" Federal also declared, under penalty of perjury, that the allegations in the petition were true to the best of its knowledge. The petition was signed by Federal's counsel and by Federal's managing agent, Ohannes Korogluyan.

DeKaron subsequently filed a motion to dismiss the petition in which it reserved its right to seek an award of damages, fees, and costs under § 303(i). DeKaron stated in the motion that it was answering, responding to, and controverting the petition. Specifically, DeKaron denied Federal's allegation that it was not generally paying its debts as they became due, and asked the bankruptcy court to dismiss the petition for that reason. Meanwhile, in its response to Federal's requests for admissions, DeKaron admitted that it was a defunct corporation, that Federal was its only creditor, that in November of 1997 Federal had obtained a judgment against it of $1,037,219 plus interest, that it had not paid Federal any of the money it owed pursuant to the judgment, and that Federal's claim was undisputed and not contingent as to liability.

On August 11, 2000, the bankruptcy court set a hearing on the motion to dismiss for September 19, 2000. At a hearing on a motion to compel on September 5, 2000, Federal's counsel told the bankruptcy court that it had recently learned that DeKaron had made an allegedly fraudulent transfer, and that it needed discovery on the fraudulent transfer issue. Federal's counsel also explained that it had filed the involuntary petition because it was dissatisfied with the lack of progress in the ongoing state post-collection proceedings. Federal's counsel acknowledged that De-

Karon was treating its motion to dismiss as an answer, and noted that the only issue was going to be whether DeKaron was generally paying its debts as they became due. In response, DeKaron's counsel agreed that the motion to dismiss was really an answer. The bankruptcy court rescheduled an evidentiary hearing on the motion to dismiss for September 13, 2000, and ordered the parties to file exhibit registers indicating the documents they would seek to introduce at the hearing.

At the evidentiary hearing [1] the bankruptcy court announced that it was dismissing Federal's petition. Citing *In re Smith*, 129 B.R. 262 (M.D.Fla.1991), and *In re Nordbrock*, 772 F.2d 397 (8th Cir. 1995), the bankruptcy court explained that single-creditor involuntary bankruptcy cases do not prevail, that a single creditor does not have a special need for bankruptcy relief if it can go to state court to collect a debt, and that the overwhelming case law indicated that the failure to pay a single debt is "not 'generally' not paying." The bankruptcy court further concluded that the two possible exceptions to the general rule against single-creditor involuntary petitions—the lack of an adequate state remedy and special circumstances amounting to fraud—were not applicable. In closing, the bankruptcy court said that the dismissal was "also" based on "judicial economy reasons." On October 2, 2000, the bankruptcy court entered a seven-page order of dismissal. In the order, the bankruptcy court amplified on its oral ruling by stating that "it is virtual black letter law that a solitary creditor cannot establish the requisite generality of default required under § 303(h)." The bankruptcy court also discussed additional cases to demonstrate the inapplicability of the two exceptions to the general rule against single-creditor in-

---

**1.** The record only contains an excerpt of the evidentiary hearing. The excerpt includes the bankruptcy court's oral ruling but not the arguments that preceded the ruling.

voluntary petitions. For example, citing *In re 7 H Land Cattle Co.*, 6 B.R. 29 (Bankr.D.Nev.1980), the bankruptcy court ruled that DeKaron's alleged fraudulent transfer was insufficient to grant the petition because the fraud had to relate to the fact that there was only one creditor. Finally, the bankruptcy court retained jurisdiction to consider DeKaron's motion for damages, fees, and costs pursuant to § 303(i).

Federal moved for reconsideration in two separate motions. In the first motion, it asserted that the proposed order submitted by DeKaron's counsel contained additional matters not announced by the bankruptcy court at the evidentiary hearing. In a supplemental motion, it argued that the bankruptcy court should follow *In re Concrete Pumping Service, Inc.*, 943 F.2d 627 (6th Cir.1991), and *In re Fischer*, 202 B.R. 341 (S.D.N.Y.1996), both of which rejected the notion that a single creditor could not obtain bankruptcy relief through an involuntary petition (the so-called "almost per se rule"). The bankruptcy court denied the motions for reconsideration, and Federal appealed.[2]

## II. Discussion

■ The bankruptcy court's legal rulings are reviewed de novo, while its findings of fact are reviewed for clear error. *See, e.g., In re Sublett*, 895 F.2d 1381, 1383–84 (11th Cir.1990); Bankr.R. 8013. Although the bankruptcy court converted the motion to dismiss into a motion for summary judgment by relying on DeKaron's answers to Federal's requests for admissions, Federal was aware of the undisputed relevant facts, knew the motion to dismiss was being treated as an answer, and presented all of the arguments it wished to rely on. Federal therefore suffered no prejudice due to any failure by the bankruptcy court to provide the 10–day requisite notice under Rule 56. *See, e.g., Stewart v. Booker T. Washington Insurance*, 232 F.3d 844, 851 n. 4 (11th Cir. 2000); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 605–07 (11th Cir.1985).

### A. The "Almost Per Se Rule"

■ The bankruptcy court ruled that unless certain exceptions were met, a sole creditor could not obtain involuntary bankruptcy relief under 11 U.S.C. § 303 because a debtor's failure to pay its only outstanding obligation would not establish that the creditor was not "generally" paying its debts as they became due. In this respect the bankruptcy court erred. As explained in *Concrete Pumping*, 943 F.2d at 629–30, and *Fischer*, 202 B.R. at 346–48—cases whose reasoning I find persuasive—there is nothing in the language of § 303 that supports the gloss placed on it by the bankruptcy court. *See United States v. Ron Pair Enterprises*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (stressing primary of statutory language). Indeed, § 303 specifically contemplates the filing of an involuntary petition by a single (or sole) creditor, and the authority to file obviously contemplates the ability to prevail. Had Congress wanted to provide that the "generally not paying" standard could not be met in single/sole creditor cases, it could have (and would have) said so expressly. I therefore reject the "almost per se rule" articulated in the cases cited by the bankruptcy court.

■ This does not mean that a single/sole creditor will be able to automatically establish entitlement to relief in each

---

2. Federal's appeal was docketed as Case No. 01–308–Civ–Jordan. The clerk's office opened another matter, Case No. 01–505– Civ–Jordan, when Federal sought a stay of proceedings in the bankruptcy court.

and every case simply by proving that the debt owed to it has not been paid. In the context of a single/sole creditor petition, the "generally not paying" standard is "harder ... to satisfy," 2 L. King, Collier on Bankruptcy ¶ 303.04[5], at 303–36 (15th rev. ed.2000), though not impossible to establish. *In re The Food Gallery at Valleybrook,* 222 B.R. 480, 487–88 (Bankr. W.D.Pa.1998) ("[T]his court will not condone the efforts of a debtor who seeks to take advantage of the general prohibition on involuntary petitions in single-creditor cases by ensuring payment to all, or most, of its smaller periodic debt to the exclusion of larger, long-term debt."); *In re Hill,* 5 B.R. 79, 82–83 (Bankr.Minn.1980) (despite paying small monthly consumer loans, debtors were "generally not paying" their debts because they were not paying substantial bank judgments or million-dollar guaranty debt).

■ On remand, the bankruptcy court should analyze the "generally not paying" issue by applying the flexible totality of the circumstances test developed by several bankruptcy, district, and circuit courts. This approach focuses on the debtor's financial condition by looking at several different factors, including the number of unpaid claims, the amount of the claims, the materiality of nonpayment, and the overall conduct of the debtor's financial affairs. *See generally In re Smith,* 243 B.R. 169, 190 (Bankr.N.D.Ga.1999) (citing cases and explaining test). The Sixth Circuit in *In re Concrete Pumping,* 943 F.2d at 630, applied this test and concluded that the debtor, which had failed to pay its one outstanding obligation to a single remaining creditor, was "generally not paying" its debts as they became due because it "was in default on 100% of its outstanding debt to 100% of its creditors." I do not mean to

suggest that the result in this case should or must be the same as in *Concrete Pumping,* but if the bankruptcy court comes to a different conclusion it must explain why the totality of the circumstances test led it to such a conclusion. *See In re Feinberg,* 238 B.R. 781, 784–85 (8th Cir. BAP 1999) (reversing bankruptcy court's dismissal of involuntary petition filed against debtor who had failed to pay creditors on $2.3 million judgment debt because court had not specifically addressed the various factors under the totality of the circumstances test).

## B. Abstention under 11 U.S.C. § 305(a)(1)

■ One more matter warrants discussion. In its oral ruling, the bankruptcy court stated without elaboration that, as an alternative ground, it was dismissing Federal's petition on the ground of "judicial economy." Under 11 U.S.C. § 305(a)(1), a bankruptcy court may, after notice to the parties and a hearing, abstain if "the interests of creditors and the debtor would be better served" by dismissal or suspension. If the bankruptcy court meant, by its comment, to dismiss Federal's petition under § 305(a)(1), it failed to explain why the interests of the parties warranted abstention and failed to provide the proper notice. Under these circumstances, I decline to weigh in on the abstention issue without having the benefit of the bankruptcy court's reasoning. *See Feinberg,* 238 B.R. at 785. Thus, on remand, the bankruptcy court may, if it wishes, consider whether the petition should be dismissed or suspended under § 305(a)(1). *See, e.g.,* 2 L.King, Collier on Bankruptcy ¶ 305.02[2][d], at 305–7 (15th rev. ed. 2000) ("Dismissal or suspension of a two-party dispute may be appropriate when the bankruptcy case constitutes a two-party dispute between the debtor and a single creditor."); *In re Axl Industries, Inc.,* 127

B.R. 482, 484 (S.D.Fla.1991) ("The bankruptcy courts generally grant motions to abstain in two-party disputes where the petitioner can obtain adequate relief in a non-bankruptcy forum. Courts consider the motivation of the petitioning creditor as a factor in making such a determination."). In addition to weighing the ongoing state collection proceedings, *see Federal Financial Co. v. Lake Forest Park, Inc. et al.*, Case Nos. 95–17055–CA13 & 95–17061–CA13, and Federal's asserted reason for filing this petition, the bankruptcy court may judicially notice and consider in its § 305(a)(1) analysis the fact that Federal and DeKaron are involved in related federal litigation in the Southern District of Florida. *See Vazquez et al. v. Federal Financial Co.*, Case No. 01–0029–Civ–Graham (declaratory relief action concerning ownership interest in Lake Forest Park, Inc. and removed to federal court by Federal); *Federal Financial Co. v. DeKaron Corp. et al.*, Case No. 00–4191–Civ–Moreno (action by Federal to set aside alleged fraudulent transfer of interests in Fontanar Ltd. Partnership).

## III. Conclusion

The bankruptcy court's dismissal of Federal's involuntary petition on the basis of the "almost per se rule" is reversed. On remand the bankruptcy court shall determine whether DeKaron is "generally not paying" its debts by applying the totality of the circumstances test as set forth above. The bankruptcy court may also take up the question of whether it should suspend or dismiss Federal's petition pursuant to the abstention principles set forth in § 305(a)(1).

The clerk is directed to close Case Nos. 01–308–Civ–Jordan and No. 01–505–Civ–Jordan and file a copy of this opinion in each of those appeals. The decision in Case Nos. 00–4803–Civ–Jordan and 00–4804–Civ–Jordan will be issued by the close of business tomorrow.