**In re Jennifer GRABER, aka Jennifer Schaefer, Debtor.**

No. 04–17844DWS.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 4, 2005.

Kenneth G. Harrison, Law Office of Kenneth G. Harrison, Penndel, PA, for Debtor.

Steven K. Eisenberg, Law Offices of Steven K. Eisenberg, New Hope, PA, for Petitioning Creditors.

Dave P. Adams, Office of the U.S. Trustee, Philadelphia, PA, U.S. Trustee.

Michael H. Kaliner, Jackson, Cook, Caracappa & Bloom, Fairless Hills, PA, trustee.

### ORDER

DIANE WEISS SIGMUND, Chief Judge.

**AND NOW,** this 4th day of January 2005, this Court having entered an Order and Memorandum Opinion in support thereof on December 3, 2004 ("December Opinion") in connection with the controverted Chapter 7 involuntary petition filed against Jennifer Graber ("Mrs. Graber");[1]

**And** the petition being grounded on two judgments which were at the time it was filed subject to petitions to open or strike in the state court ("Petitions to Open");

**And** the Court considering the sufficiency of Mrs. Graber's Petitions to Open to determine whether these debts are "in dispute" for the purposes of standing under 11 U.S.C. § 303(b) and determining that the record made by the parties was inadequate for this task;

**And** the Court ordering the parties to file the pleadings relating to the Petitions to Open which they have done;[2]

**And** the Court having reviewed the pleadings to determine whether (1) with respect to the Williams judgment, Mrs.

---

1. The December Opinion is attached hereto and incorporated herein.

  * [Editor's Note: Attachment omitted for publication purposes.]

2. Only Debtor's counsel made a submission on the due date. It appears to include all relevant documents.

Graber stated an adequate excuse why a timely answer was not filed and (2) with respect to the Williams and Keller judgments, Mrs. Graber demonstrated a meritorious defense;

And the Court finding that the defense pled was the same defense presented at the hearing before this Court and which I have found to be meritorious;[3]

And with respect to the Williams judgment, the Petition to Open states "Petitioner can adequately explain the delay and basis for having failed to answer the Complaint"[4] but nowhere in the Petition is the delay explained;

■ And the Court previously noting that the failure to provide a reasonable explanation for the delay in answering the complaint will under applicable Pennsylvania case law result in denial of the petition to open, *Wolfskill v. Egan*, 350 Pa.Super. 223, 227, 504 A.2d 326, 328 (1986);

And the Court now concluding after reviewing the Petition to Open that the state court would not open the Williams judgment and as such under applicable bankruptcy law, the Williams judgment in the amount of $49,500 is a claim not in dispute;

And as there is one holder of a claim of at least $11,625 not in dispute the involuntary petition has been properly commenced;[5]

But the Court may only enter an order for relief if the debtor is generally not paying such debtor's debts as such debts become due unless such debts are in bona fide dispute, 11 U.S.C. § 303(h)(1);[6]

And this Court having deferred decision on this substantive requirement pending resolution of the procedural issue of standing which has now been decided adverse to Mrs. Graber;

■ And the burden residing with the petitioner to establish by a preponderance of the evidence that the debtor was generally not paying her debts as they became due as of the date of the filing, *In re Norris*, 183 B.R. 437, 455 (Bankr.W.D.La. 1995);

■ And such determination requiring consideration of (1) the number of unpaid claims; (2) the amount of such claims; (3) the materiality of the nonpayments; and (4) the debtor's overall conduct in her financial affairs, *id.* at 456;[7]

■ And the Court finding certain facts as set forth in the December Opinion, including (1) Mrs. Graber is not employed and her sole source of support is Mr.

---

3. Mrs. Graber states that she has no personal responsibility for the debts of her husband's business which generated the judgments. The business operates under the name K & G Construction and appears to be a sole proprietorship by which Mr. Graber performed construction on residential premises. Mrs. Graber was employed by the business at certain periods during its life. While evidence was presented at the hearing on this issue, it is not my task to evaluate the merits at this juncture but rather to determine whether a meritorious defense has been pled.

4. The Petition to Open also invokes Pa. R.Civ.P. 237.3(b) which I have previously found is inapplicable because the Petition was not timely filed in accordance with that Rule.

5. The December Opinion recognized the parties' agreement that there were fewer than twelve creditors, thus requiring only one holder to initiate the involuntary case. 11 U.S.C. § 303(b)(2).

6. Petitioners seek to make their case by pointing to Mrs. Graber's failure to pay the judgments secured by petitioners. As noted above and in the December Opinion, two of those judgments are disputed so that only the failure to pay the Williams judgment can be considered.

7. Petitioners argue, without authority, that the fact that Mr. Graber, not Mrs. Graber, is the source of payment of Mrs. Graber's debts means that she cannot be paying her debts as they come due. I respectfully disagree. I

Graber who pays all the family expenses; (2) on November 28, 2003 Mr. Graber filed a petition under Chapter 7 of the Bankruptcy Code pursuant to which a Schedule of Income and Expenses were filed on December 15, 2003; (3) Mr. Graber reported monthly income from Otis Elevators of $3,553.34 versus monthly expenses of $3,520; (4) Mr. Graber had a mental breakdown which put him out of work and on a reduced disability income of $300 per month until May 2004; (3) during this period the family routine bills were not being paid; (4) Mrs. Graber made arrangements to cure the debts but has not been able to maintain these payments because Mr. Graber is now incarcerated and the state receives his pay check and presently releases only 40% to her; (5) with the holdback, current family expenses cannot be paid and it follows that the cure payments have not been maintained; and (6) Mrs. Graber acknowledges that she is behind on paying certain bills, including her Suburban vehicle and the Farm & Home Oil Company (Exhibit P–8);

And based on the totality of the circumstances (including the fact that the sole source of Mrs. Graber's income is derived from Mr. Graber, a Chapter 7 debtor whose disposable income is insufficient to pay the family debts as they come due and her acknowledgment that she has been unable to maintain payment arrangements and stay current on bills) and balancing the interests of the putative debtor with those of her creditors;

It is hereby **ORDERED** that relief is **GRANTED** under Chapter 7 against Mrs. Graber and the objection to the involuntary petition is **DENIED**. Pursuant to 11 U.S.C. § 521 and Fed.R. Bankr.P. 1007, Debtor shall filed a list of creditor, schedules and statement of financial affairs within 15 days of the date of this Order.

agree that § 303(h) focuses on the **debtor's** ability to pay debts as they come due, but the fact that the debts are being paid by a third party is but one factor in determining the debtor's payment history. *H.I.J.R. Properties Denver v. Shideler (In re H.I.J.R. Properties Denver)*, 115 B.R. 275, 278 n. 3 (D.Col.1990). Where, for example, the debts are being paid by borrowed funds (and creating new substitute obligations), they are properly viewed as not being paid by the debtor. *E.g., In re The Food Gallery at Valleybrook*, 222 B.R. 480, 488 (Bankr.W.D.Pa.1998). However, where as here, Mr. Graber's income has historically been used to support the family and is now even being turned over to Mrs. Graber who is dealing with the creditors, a different picture emerges. In short, "a debtor's ability to pay debts must be considered in light of the totality of the circumstances," including those relating to third-party payments. *H.I.J.R. Properties Denver, supra.* In this case, the issue is the inability of the income to pay the debts as they come due, not the source of it.